## HUNTINGTON COUNTY LOAN AND SAVINGS ASSOCIATION v. FULK.

[No. 19,553.   Filed February 25, 1902.]

BUILDING AND LOAN ASSOCIATIONS.—*Receivers.*—The statute concerning building and loan associations makes full provisions for actions to dissolve such associations, and the appointment of a receiver for an association, at the suit of a stockholder, without the recommendation of the Auditor of State, is in violation of the statute, and unauthorized.

From Huntington Circuit Court; *J. C. Branyan*, Judge.

Action by Mary E. Fulk against the Huntington County Loan and Savings Association. From an order appointing a receiver, defendant appeals. *Reversed.*

*U. S. Lesh* and *E. Lesh*, for appellant.

*M. L. Spencer, W. A. Branyan* and *H. B. Spencer*, for appellee.

MONKS, J.—This is an appeal from an interlocutory order appointing a receiver, made in vacation on application of appellee. It appears from the record that appellee was the holder of twelve "prepaid" shares of the capital stock in appellant association, and brought this action to recover the amount thereof, and for the appointment of a receiver to sell the property of said association, collect and convert its assets into cash, pay its debts, and distribute the remainder to the shareholders.

It is alleged that the appellant association is insolvent, and there is a general allegation of mismanagement. The remedy sought is a dissolution of the corporation, and a distribution of its assets among the shareholders. The complaint was filed on December 17, 1900, and summons issued returnable on January 14, 1901. Said summons was served

on December 18, 1900, on which day, in vacation, the judge of the court below appointed a receiver for said association without notice. On December 20th, on appellant's motion, the appointment of said receiver was set aside and vacated. By agreement of the parties, the application for the appointment of a receiver was set for hearing on December 22nd, at 2 o'clock p. m. The parties appeared by counsel on said day before the judge of said court in vacation, and said application was heard, and on December 31st the judge of said court granted said application and appointed a receiver.

On December 19th, before the appointment of said receiver, the board of directors of appellant association adopted a resolution, under §4463h Burns 1901, §3406g Horner 1901, declaring the intention of said association to go into liquidation and discontinue business, and filed a copy thereof in the office of the Auditor of State, and said Auditor, on December 20, 1900, issued a certificate reciting the filing of said resolution, and that said association was in liquidation.

Courts of equity have no power to dissolve an insolvent corporation and wind up its affairs in the absence of an express statute. *Supreme Sitting, etc.,* v. *Baker,* 134 Ind. 293, 309; High on Receivers (3rd ed.), §288; Beach on Receivers (Ald. ed.), §425; Gluck & Becker on Receivers of Corp. (2nd ed.), §17. It has been held that the fifth clause of §1236 Burns 1901, §1222 R. S. 1881, and Horner 1901, does not give such jurisdiction to the courts of this State. *Supreme Sitting, etc.,* v. *Baker,* 134 Ind. 293, 309-314.

We think, however, that the statutes concerning building and loan associations make full provision for actions to dissolve such associations, and for winding up their business, and for a distribution of their assets.

Building and loan associations in this State are created by statute, and their manner of organization and method of transacting business are prescribed by statute. They are subject to the supervision and control of the Auditor of

State to a certain extent. §§4463h, 4476-4483 Burns 1901, §§3406h, 3420hh-3420oo Horner 1901. Such associations are required to file with the Auditor of State a verified statement each year of their condition. §§4464, 4476 Burns 1901, §§3420v, 3420hh Horner 1901.

Section 4477 (3420ii), *supra,* provides that "If it appears from any such statement that such * * * association * * * is doing an illegal or unsafe business, the Auditor of State may make, or cause to be made, under the provisions of this act, an examination into the affairs of such * * * association * * * ; or when, upon petition of any shareholder or shareholders, setting forth that such petitioner or petitioners believe said * * * association * * * to be conducting its business contrary to law, or that its affairs are in an unsound condition, or that they believe any of its statements are not correct, then said Auditor of State shall make, or cause to be made, an examination into the affairs of such * * * association * * * : Provided, that any such shareholder or shareholders, before such Auditor shall make such examination, shall file with such Auditor a bond to his approval, conditioned if such examination shall disclose that such * * * association * * * so examined is doing a lawful business, then such shareholder or shareholders will pay all costs of such examination as are hereafter provided for in this section. Such examination shall be full and complete, and in making the same the examiner may put any officer of any such * * * association * * * or any other person under oath to answer truthfully any questions that may be asked them; and all books, papers and records of such *· * * association * * * and all securities held by it, shall be subject to his inspection."

If the Auditor of State, or the inspector appointed by him, find such association conducting its business, in whole or in part, contrary to law, or that such association is fail-

ing to comply with the law, he is required to notify the board of directors thereof in writing; and if, after thirty days, such illegal practices or failure to comply with the law continues, he shall report to the Attorney-General, whose duty it is, on such notice, to bring the proper proceedings in court to revoke the charter of such association. §4478 Burns 1901, §3420jj Horner 1901. Should the Auditor or said inspector find, upon examination, that the affairs of any such association are in an unsound condition, and that the interests of the public demand the dissolution of such association and the winding up of its business, he shall so report to the Attorney-General, who is required to institute proceedings for that purpose. §4479 Burns 1901, §3420kk Horner 1901. The failure to make the report required by said act is punishable by fine, and it is made the duty of the Auditor to notify the president and secretary of such association of such failure, and if the report is not filed within thirty days thereafter, it is the duty of the Auditor to examine said association, as provided in §4477 (3420ii), *supra.* The refusal of such association to permit the examination of its affairs, as provided in said act, is made a sufficient cause for winding up its affairs, as provided in §4479, 3420kk *supra.* The Auditor is required annually to compile and publish said annual reports in his annual report to the Governor. §4482 Burns 1901, §3420nn Horner 1901. The Auditor of State is *ex officio* building association inspector, and is charged by law with the execution of the laws relating to said associations, and is authorized to appoint a deputy building association inspector. §4483 Burns 1901, §3420oo Horner 1901.

It is evident from the provisions of the statute concerning building and loan associations that the legislature has not only intended to guard the interests of the stockholders, but the interests of the public; and it is the duty of the Auditor of State to see that said associations comply with the law, and conduct their business in a proper manner. It

would seem, therefore, that the shareholder's remedy, when
he seeks a dissolution of an association and the winding up
of its business, is to petition the Auditor of State for an
examination of such association, and file the bond as re-
quired by §4477 (3420ii), *supra*. If the examination dis-
closes that the association is conducting its business, in
whole or in part, contrary to law, or has failed to comply
with the law, and, after notice, the association continues
such illegal practice or failure to comply with the law, it
becomes the duty of said Auditor to notify the Attorney-
General, who is required to commence proceedings to revoke
the charter of such association; and if such examination
shows that the affairs of such association are in an unsound
condition, and that the interests of the public demand the
dissolution of such association, and the winding up of the
business, the said Auditor must so report to the Attorney-
General, who is required to commence proper proceedings
for that purpose.   Such is the remedy provided by statute.

In the state of Maine an officer known as a "bank exam-
iner" is given power to examine loan and building associa-
tions, and to bring suits for injunction and receivers, and
to wind up the affairs of such associations.   In *Ulmer* v.
*Falmouth, etc., Assn,* 93 Me. 302, it was said concerning
said statute: "The statute points out the conditions under
which the intervention of the court may be obtained, and
the officer by whom the machinery of litigation may be set
in motion.   It suggests no other way.   And it is the opinion
of the court that it was the intention of the legislature, as
expressed in the statute, that the power of invoking the in-
terference of the court should be vested in the bank exam-
iner alone, and that he only may pray for an injunction and
a receiver.   It is to be observed that these institutions pos-
sess a public character, and it is for the interest of the pub-
lic, not only that they shall be subjected to judicial investi-
gation when they ought to be, but also that they shall not
be so subjected when they ought not to be.   Unusual means

are placed in the hands of the bank examiner to ascertain their condition, and it can not be presumed that he will fail to act in a proper case. If one shareholder may maintain a bill, so may every other. There is no limit. To subject loan and building associations to vexatious, harrassing, and expensive litigation caused by the suit of possibly multitudinous shareholders who may be dissatisfied, with or without reason, would greatly impair their usefulness, if not imperil their existence." See, also, *Lowery* v. *State Life Ins. Co.,* 153 Ind. 100, and cases cited.

Moreover, on December 31, 1900, when the court below made the interlocutory order appointing a receiver in this case, the appellant association had gone into liquidation, under §8 of the act 1899 (Acts 1899, p. 84, §4463h Burns 1901, §3406g Horner 1901), which expressly provides that proceedings for the appointment of a receiver for an association in liquidation shall not be entertained by any court except upon the written recommendation of the Auditor of State, after he has investigated its affairs pursuant to the provisions of existing laws. There being no evidence in the record showing that the Auditor of State made the written recommendation required by said section, the appointment of the receiver was in violation of the statute and unauthorized.

It is immaterial that the association went into liquidation after the commencement of the action. If the association is in liquidation when the appointment is to be made, it can only be made by the court upon the written recommendation of the Auditor of State, as provided in said section.

The interlocutory order appointing a receiver is, therefore, reversed.