## BARNES ET AL. *v.* WAGENER.

[No. 21,126. Filed December 17, 1907.]

1. **APPEAL.**—*Final Judgment.*—Appeals, with certain exceptions, lie only from final judgments. p. 514.

2. **SAME.**—*Right of.*—The right of appeal is purely statutory. p. 514.

3. **SAME.**—*Final Judgment.*—*What Is.*—A final judgment is one that disposes of the entire case as to all of the parties. p. 514.

4. **SAME.**—*Right of.*—*Exceptions.*—The burden is upon the appellant to show that his appeal from a judgment, not final, lies because of a statutory exception to the general rule. p. 515.

5. APPEAL.—*Boards of Commissioners.*—*Status of Judgment.*— Where an appeal is taken from the board of commissioners, the cause stands for trial *de novo* in the circuit court; and the judgment of the board is suspended during the pendency of the appeal. p. 515.

6. SAME.—*Sustaining Demurrer.*—*Intoxicating Liquors.*—*Remonstrance.*—A judgment on failure and refusal to plead over to the sustaining of a demurrer to a remonstrance to an application for license to retail intoxicating liquors is not final, and no appeal lies therefrom, the judgment neither granting nor refusing the license. p. 516.

7. INTOXICATING LIQUORS.—*Fitness of Applicant.*—*Burden of Proof.* —An applicant for license to retail intoxicating liquors, with or without a remonstrance, has the burden to prove his fitness to be entrusted with such license. p. 516.

From St. Joseph Circuit Court; *Walter A. Funk*, Judge.

Application by Michael Wagener for license to retail intoxicating liquors, against which Thomas C. Barnes and others remonstrate. From a judgment for the applicant, remonstrants appeal. *Appeal dismissed.*

*Charles F. Holler, T. E. Howard, A. B. Kirkpatrick* and *S. W. Haynes,* for appellants.

*Hoban & Steis,* for appellee.

JORDAN, J.—Appellee has moved to dismiss this appeal upon the ground that no final judgment was rendered by the lower court from which an appeal will lie to the Supreme Court. The facts in the case, so far as they are pertinent to the consideration of the question presented by the motion to dismiss, appear to be as follows: Appellee applied to the board of commissioners of St. Joseph county, at the May session, 1907, thereof, for a license to sell intoxicating liquors in a certain ward in the city of South Bend. This application was made under the laws of this State which authorize the granting by the board of commissioners of a license to retail intoxicating liquors. §7278 *et seq.* Burns 1901. Appellants filed before the board of commissioners at said session what is denominated a remonstrance against the granting of a license to appellee. By

this remonstrance they sought to present substantially the same questions as were raised and decided by this court in *Sopher* v. *State* (1907), *ante*, 177, in respect to the invalidity of the laws of this State which regulate and restrict the retail traffic in intoxicating liquors.  Appellee filed a motion requesting the board of commissioners to reject the remonstrance, on the ground that it did not state any cause of remonstrance under the laws of this State.  This motion, over the exceptions of the remonstrators, the board sustained, and thereafter proceeded to hear evidence in support of appellee's application, and thereupon granted him a license to retail intoxicating liquors upon the premises described in his petition.  From this order of the board said remonstrators appealed to the St. Joseph Circuit Court.  In the latter court appellee renewed his objections to the remonstrance by what is termed a demurrer, alleging therein that it did not state facts sufficient to constitute a cause of remonstrance.  This demurrer was sustained by the court, to which ruling the remonstrators separately and severally excepted.  The record then recites that "thereupon the remonstrators failed and refused to plead further and the court renders judgment on the demurrer."  The record further recites: "It is therefore considered and adjudged by the court that the remonstrants take nothing by this action and that defendant recover from the remonstrators his costs and charges in this case laid out and expended, taxed at $——; to which the remonstrators, at the time, excepted, and ninety days' time is given the remonstrators in which to prepare and file their bill of exceptions herein.  Thereupon the remonstrators pray an appeal to the Supreme Court of the State of Indiana, which is granted upon their filing an appeal bond in the sum of $200 with the clerk of this court, within thirty days from this date, with Frank P. Fields as surety thereon, which surety is hereby approved by the court."  This appeal bond was filed and approved, and a

certified transcript was filed in the office of the clerk of this court on September 25, 1907.

The errors assigned relate to the ruling of the court in sustaining the demurrer to the remonstrance. As to whether there was any final judgment whatever in the lower court disposing of the issue raised by appellee's application, either by granting or denying him a license to retail intoxicating liquors, is not disclosed by the record in this case. As the authorities affirm, the record on appeal must show a final judgment, or the appeal will be dismissed. Elliott, App. Proc., §96, and cases cited.

Appeals to this court can only be taken as authorized by statute, and then only, with some exceptions, from a final judgment, as provided by §644 Burns 1901, §632 R. S. 1881. 2 Thornton, Civil Code, §437.

Exceptions to this general provision will be found in the statute permitting appeals to be taken to the Supreme Court from certain enumerated interlocutory orders, as provided by subdivision fifteen of section nine of an act concerning appeals, as said section was amended by the legislature of 1907 (Acts 1907, p. 237). This appeal, however, does not come within any of the exceptions provided by this statute. It has been repeatedly held that a final judgment within the meaning of §644, *supra*, is one which makes a final disposition of the main case so far as there is power in the trial court to decide upon the questions presented by the issues therein. *Thomas* v. *Chicago, etc., R. Co.* (1894), 139 Ind. 462, and cases cited; *Hollingsworth* v. *Hollingsworth* (1902), 29 Ind. App. 556, and cases cited. See, also, *Mak-Saw-Ba Club* v. *Coffin* (1907), *ante*, 204; Elliott, App. Proc., §§81, 82. The general rule is that a judgment in a case is not final within the meaning of §644, *supra*, unless it disposes of all of the issues as to all of the parties in the case. If there remain issues therein undetermined, or if the rights of one or more of the parties in the case are left undecided, there is, generally speaking, no such

final judgment as will warrant an appeal. Or, in other words, the case must be disposed of in all of its parts so far as it is, under the issues therein, before the court. Otherwise it will not be regarded as one in which an appeal will lie to this court. Elliott, App. Proc., §§80-84, 90, 91. In Elliott, App. Proc., §84, it is said: "The general rule that appeals lie only from final judgments is so essential to the orderly administration of justice, and has so much to commend it, that it is with reason that statutory provisions creating exceptions are construed with some strictness. The doctrine is that where a general rule exists, and a party asserts that his case forms an exception to the rule, he must show substantial grounds for his claim, or the case will be brought under the rule. This doctrine is applied with liberality to prevent appeals from intermediate rulings or interlocutory orders, for, in almost every form in which the question has been presented, the courts have exhibited their reluctance to multiply or recognize exceptions to the general rule. One who asserts that his case constitutes an exception to the rule must be prepared to show a solid basis for his claim, or the general rule will be preferred to the exclusion of his claim."

If, under their singular remonstrance, appellants can be said to have acquired such a standing in the court of the board of commissioners that, under the law, they were authorized to prosecute an appeal to the circuit court from the order of the board granting a license to appellee, then such appeal, upon reaching the St. Joseph Circuit Court, stood upon its docket as an original cause therein, to be tried *de novo,* and the appeal would have operated to suspend or vacate the proceedings and order of the board of commissioners from which it was taken. *Head* v. *Doehleman* (1897), 148 Ind. 145, and cases cited; *State* v. *Sopher* (1901), 157 Ind. 360, and cases cited.

Counsel for appellant, however, apparently travel upon the mistaken theory that by filing the remonstrance in ques-

tion a proceeding was instituted independent of
6.   that originated by the application of appellee for a li-
cense, and that the judgment of the circuit court
upon sustaining the demurrer to the remonstrance, by which
it was adjudged that the remonstrators take nothing and
that the defendant recover his costs, etc., was such a final
judgment in the case that appellants had a right to appeal
therefrom to this court. Counsel, in their brief, say: "Our
position is, and we stand upon it, that the St. Joseph Cir-
cuit Court, in sustaining the demurrer to the remonstrance,
took the remonstrance out of court, and when appellants
failed and refused to plead further they were out of that
court and with no remedy but to appeal to this court." That
this position is untenable, the mere mention thereof ought
to serve to disclose.   If appellants' contention could
be sustained, any unfavorable interlocutory or intermediate
order or judgment against either the applicant or a remon-
strator, in a proceeding to obtain a license to retail intoxicat-
ing liquors, would enable the party claiming to be aggrieved
by such order or judgment to appeal to this court before the
final judgment was rendered which decided the issues ten-
dered by the application, and, in the event the latter judg-
ment was adverse to the party so appealing, he might again
seek the right to appeal therefrom to this court. This illus-
tration affords a fair sample of appealing a case to this
court by piecemeals, which, under a well-settled general
rule, is forbidden, in the absence of some statutory excep-
tion thereto.   See *Mak-Saw-Ba Club* v. *Coffin, supra,* and
authorities cited.

In this latter case the question as to what constitutes an
appealable judgment, under our statute, is fully considered.
In *Castle* v. *Bell* (1896), 145 Ind. 8, this court said:
7.   "When a person becomes a petitioner for a license
to sell intoxicating liquors, under the act of 1875, the
burden is cast upon him to prove, both before the commis-
sioners and in the circuit court, in the event of an appeal,

that he is not in the habit of becoming intoxicated, and is otherwise, under the law, a fit person to be intrusted with a license to sell such liquors. *Goodwin* v. *Smith* [1880], 72 Ind. 113, 37 Am. Rep. 144; *List* v. *Padgett* [1884], 96 Ind. 126. This onus rests upon the applicant, and such proof is required of him before he can obtain a license, without regard to the fact that a remonstrance as to his unfitness has or has not been interposed to the granting thereof.'' It is certainly evident that these issues, as involved by appellee's application in the St. Joseph Circuit Court, upon appeal by appellants—assuming without deciding that they had a standing or right under their remonstrance to prosecute such appeal—were left by the judgment ·from which they have appealed wholly undetermined or undecided. It therefore follows that this appeal falls fully within the prohibition of the rule affirmed by the authorities hereinbefore cited. Had the lower court, after appellants had appealed from the judgment in question, upon hearing evidence in support of appellee's application, refused to grant him a license, then certainly appellants could not in reason claim that they were aggrieved by such final judgment, and their appeal herein would involve nothing more upon the ruling against the remonstrance than a moot question, which this court would not be authorized to decide or determine. It follows that the appeal herein is not prosecuted from a final judgment within the meaning of §644, *supra,* and, therefore, the motion to dismiss must be sustained.

Appeal dismissed at the cost of appellants.