## WEHMEIER ET AL. v. MERCANTILE BANKING COMPANY ET AL.

[No. 7,501. Filed February 16, 1912.]

1. APPEAL.—*Right of.*—*Final Judgments.*—The right of appeal is statutory; and ordinarily an appeal can be taken only from a final judgment. p. 456.

2. APPEAL.—*Final Judgment.*—*What is.*—A judgment is final when it disposes of all the issues as to all the parties and puts an end to the case so far as the court has power so to do. p. 456.

3. JUDGMENT.—*Final.*—*Presumptions.*—*Appeal.*—*Motion to Dismiss.*—A judgment in form: "Come the parties and the court being fully advised sustains defendants' motion for judgment in their favor on the ruling of the court sustaining defendants' demurrer to plaintiffs' complaint. It is therefore considered and adjudged by the court that plaintiffs take nothing by their action and that the defendants recover of plaintiffs their costs taxed at $—," is final, the presumption on a motion to dismiss an appeal therefrom being that all preliminary steps, necessary for the rendition of such judgment, were taken. p. 456.

4. BANKS. — *Partnership.*—*Dissolution.*—*Accounting.*—*Receivers.*—*Complaint.*—A complaint by a partner in a private bank, alleging that defendants were in control of such bank, that they had loaned thirty per cent of its capital in violation of law to its officers, that large sums were loaned to nonresidents on insufficient security, that various other worthless loans were made, that the bank was insolvent and that the plaintiffs were liable to lose not only the money invested, but would be subjected to personal liability, and praying for a dissolution, an accounting and for the appointment of a receiver, is sufficient. p. 457.

5. BANKS.—*Receivers.*—*Right of Partner to Sue for Appointment of.*—*Auditor of State.*—*Statutes.*—Section eight of the act of 1907 (Acts 1907 p. 174, §3409 Burns 1908) providing that the Auditor of State shall, at least once a year, cause a suitable person "to make examination of the affairs of every bank under this act," and if the bank be insolvent, or in a failing condition, and if the owners cannot satisfy such Auditor that they can replenish the assets, such Auditor shall cause his examiner to take charge of such bank, and such Auditor shall make application for the appointment of a receiver, authorizes the Auditor of State to apply for a receiver, but does not prevent a partner from suing for a receiver, where the bank is a private partnership, such statute merely extending to such officer a right theretofore available only to others. pp. 459, 460.

6. ACTION.—*Statutory.*—*Remedies.*—Where a right of action is created by a statute, or an existing right is changed thereby, and a remedy is provided for its enforcement, the statutory remedy is exclusive. p. 460.

7. BANKS.—*Control over.*—"*Visitorial Powers.*"—*Receivers.*—*Auditor of State.*—*Statutes.*—Section eight of the act of 1907 (Acts 1907 p. 174, §3409 Burns 1908), giving to the Auditor of State the right to apply for a receiver for an insolvent private bank, and providing that such bank shall not be subject to any other "visitorial powers * * * except such as are vested in the several courts of this State," indicates an intention not to interfere with the existing authority of the courts relating to such institutions. p. 463.

From Superior Court of Marion County (78,461) ; *Vinson Carter,* Judge.

Suit by Otto G. Wehmeier and others against the Mercantile Banking Company and others. From a judgment for defendants, plaintiffs appeal. *Reversed.*

*William C. Thompson* and *Franklin McCray,* for appellants.

*G. W. Paul* and *William B. Paul,* for appellees.

FELT, C. J.—Appellee Mercantile Banking Company has moved that this appeal be dismissed, for the reason that no final judgment in the case has been rendered by the lower court from which an appeal to this court will lie.

Appellants brought this suit against the Mercantile Bank-

ing Company and seven other defendants for a dissolution of partnership in a banking business, for an accounting, and for the appointment of a receiver for said bank.

The complaint was in one paragraph, to which appellee Mercantile Banking Company filed a demurrer. The demurrer was sustained, and the ruling thereon is the only error presented by appellants. On motion by appellee company, the court rendered judgment as follows: ''Come the parties, and the court being fully advised sustains defendants' motion for judgment in their favor on the ruling of the court sustaining defendants' demurrer to plaintiffs' complaint. It is therefore considered and adjudged by the court that plaintiffs take nothing by their action and that defendants recover of plaintiffs their costs taxed at $——.''

1. The right of appeal is statutory, and in cases of this character it is expressly provided that the appeal shall be taken from a final judgment. §671 Burns 1908, §632 R. S. 1881.

2. A final judgment was defined in the case of *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 402, as a judgment ''that at once disposes of all the issues, as to all parties, involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues.'' To the same effect are the following cases: *Barnes* v. *Wagener* (1907), 169 Ind. 511; *Keller* v. *Jordan* (1897), 147 Ind. 113; *Hopp* v. *Luken* (1909), 44 Ind. App. 568; *Rife* v. *Diamond Flint Glass Co.* (1908), 42 Ind. App. 346.

3. The form of the judgment rendered in this case is that of a final judgment. *Starkey* v. *Starkey* (1905), 166 Ind. 140; *Thomas* v. *Chicago, etc., R. Co.* (1894), 139 Ind. 462, 465; *Neyens* v. *Flesher, supra.*

It is presumed, therefore, for the purpose of the motion to dismiss, that the ruling on the demurrer of appellee Mercantile Banking Company disposed of all the issues as to all

defendants in the lower court, for "it will be assumed on appeal, in cases where the record is silent, that the preliminary steps necessary to impart vitality and force to a judgment were duly taken. *   *   * In the absence of a recital or statement in the record to the contrary, the presumption is that the judgment is within the issues and supported by the appropriate pleadings." Elliott, App. Proc. §§718, 719.

The demurrer was for (1) the insufficiency of the facts alleged to state a cause of action, and (2) defect of parties plaintiff in this, that the right of action relied on can be enforced only by the Auditor of State.

The complaint alleges, in substance, that appellants and appellees, other than the Mercantile Banking Company, are partners doing business under the name of Mercantile Banking Company, and are engaged in conducting a private bank in the city of Indianapolis; that the capital stock of said bank was and is $11,000; that appellant Wehmeier paid for, and there was duly issued to him, capital stock of said bank of the value of $200, and he is now the owner thereof; that in the same manner appellant Kerr became and is the owner of capital stock of said bank of the value of $100; that since the organization of said bank its business has been conducted by the defendants Albert B. Hall, Robert J. Espy and James T. Bymaster; that said Espy is president and said Bymaster cashier of said bank; that the business of said bank "has been mismanaged, and the assets thereof misapplied, misused and wasted in the following manner." Here follow detailed averments to the effect that more than thirty per cent of the capital stock of said bank has been loaned to its officers on insufficient security, in violation of the law; that various loans in large amounts have been made to nonresidents without any, or on insufficient security, which loans were in fact for the use and benefit of said officers, though nominally to other persons; that large loans have been made to some members of

said copartnership on unrecorded, void and worthless. chattel mortgages and other insufficient securities; that said bank has unsecured overdrafts amounting to $211.43, and has cashed a draft for $1,000 which has been dishonored and protested, and the bank has not been reimbursed therefor; that the affairs of said bank have been managed and controlled by said Hall, Espy and Bymaster, who have so managed  them as to consume all the earnings of said bank in expenses and for salaries that were paid for nominal services which have never been authorized by said partnership; that the monthly expenses of said bank under said management are in excess of the earnings thereof; that said bank has deposits of $2,200 subject to check and $156.60 time deposits, and only $1,650.60 in cash resources, and is wholly insolvent; that its resources are being wasted and dissipated by worthless investments, insecure loans and exorbitant expenses; that the members of said partnership are hopelessly at variance as to the policy to pursue in managing the business of said bank; that appellants have no voice in or control over the management of said bank, and no dividends have been allowed or paid; that the members of said firm cannot agree upon a mutual settlement or a dissolution of said firm; that a continuance of the business under the present management will result in the loss of all the capital stock owned by appellants in said bank, and bring upon them additional personal liability for the debts of said bank; that before bringing this suit appellants demanded of said bank and the members of said firm a dissolution of said partnership and a full accounting of all its business with the members of said partnership, and that necessary steps be taken to accomplish such purpose; that appellees will not consent to such dissolution, and it can only be accomplished, and the interests of appellees in said business preserved, by the appointment of a receiver.

Prayer for an accounting, for a dissolution of the partnership, and for the appointment of a receiver.

We think the complaint is sufficient to withstand the demurrer for want of facts, if appellants have the right to maintain the suit. §1279 Burns 1908, §1222 R. S. 1881; High, Receivers (4th ed.) §472 *et seq.; Fink* v. *Montgomery* (1904), 162 Ind. 424; *Levin* v. *Florsheim & Co.* (1903), 161 Ind. 457; *Chicago, etc., R. Co.* v. *Kenney* (1902), 159 Ind. 72; *Sheridan Brick Works* v. *Marion Trust Co.* (1901), 157 Ind. 292, 87 Am. St. 207; *Wallace* v. *Milligan* (1887), 110 Ind. 498; *Webb* v. *Allen* (1897), 15 Tex. Civ. App. 605, 40 S. W. 342; *Allen* v. *Hawley* (1855), 6 Fla. 142, 63 Am. Dec. 198; *Saylor* v. *Mockbie* (1859), 9 Iowa 209.

5. The further and more serious question presented, is whether appellants have the right to maintain this suit, or whether, by statute, that power is vested exclusively in the Auditor of State.

Section eight of the act of 1907 (Acts 1907 p. 174, §3409 Burns 1908), relating to private banks, provides, among other things, as follows: "The Auditor of State, once in twelve months, or as often as he deem it necessary, shall appoint a suitable person, or persons, to make examination of the affairs of every bank under this act, * * * and if such bank or its owners be in an insolvent, or failing condition, or if the assets thereof are being wasted or improperly used or converted, then, in any of these events, said examiner shall at once notify said Auditor of State, and if the owners are unable to satisfy said auditor that they can make good the assets of said bank, said Auditor of State shall thereupon direct said examiner, or some other person appointed by him, at once to take charge and control of said bank and all the books, notes, cash on hand and other assets, and said Auditor of State shall, upon five days' notice being given to the cashier of said bank, thereafter make application to the judge of the circuit court, or superior court of the county where such bank is situated, either during term time or during vacation, for the appointment of a receiver to take charge of said bank. * * * Said examiner shall

make a full and detailed report of the condition of the bank to the auditor, and the bank shall not be subject to any other visitorial powers than such as are authorized by this act, except such as are vested in the several courts of this State.''

That the Auditor of State has the power under this act to bring an action for a receiver cannot be doubted, but does his right so to do exclude that of other interested parties? Our statute and the authorities before cited establish the proposition that before the act of 1907, *supra*, was passed a member of a copartnership could, upon proper showing, maintain a suit for an accounting, settlement of partnership affairs, and the appointment of a receiver, where the partnership assets are being wasted, or there is such a breach of the partnership obligations as to make it apparent that the interests of the parties will be best subserved by the intervention of a court of equity through the appointment of a receiver.

When a new right is conferred by statute, and adequate provision therein made for its enforcement, the statutory remedy is exclusive of all others. What is expressed by the act is, however, exclusive only when it is creative, or in derogation of some existing law or of some provision in the act under consideration. *Straus* v. *Yeager* (1911), 48 Ind. App. 448; *Couchman* v. *Prather* (1904), 162 Ind. 250; *Ryan* v. *Ray* (1886), 105 Ind. 101, 106.

The act relating to private banks did not create any new remedy when it authorized the Auditor of State to secure the appointment of a receiver under certain conditions, but it did authorize him to use an old remedy already available to a member of a copartnership. Does this additional authority conferred on the Auditor of State necessarily invoke the rule of exclusive jurisdiction? This court has, we believe, already answered this question in the negative, and held that such remedy is only cumulative, and not exclusive. *State, ex rel.,* v. *French Lick Springs Hotel Co.* (1908), 42 Ind. App. 282.

In the case last cited, suit was brought on the relation of the prosecuting attorney under the act of 1881 (§1188 Burns 1908, §1131 R. S. 1881). Appellee was incorporated under the act of 1901, concerning the organization of voluntary associations. Acts 1901 p. 289, §4286 Burns 1908. By §4320 Burns 1908, Acts 1901 p. 289, which is a part of the same act, the Auditor of State is authorized to examine associations similar to appellee in this case, and if they are found to be doing a business not authorized by law he shall notify the companies, and if they refuse to cease doing such illegal business he shall notify the Attorney-General, "and the Attorney-General shall thereupon be authorized to institute proceedings" for a receiver. It was held that the suit by the State on the relation of the prosecuting attorney, under the act of 1881, could be maintained, notwithstanding the later act. In other words, the act of 1901, *supra,* did not create a new right, but did provide that the old right could be exercised by another officer, and such remedy was only cumulative.

The case just cited carried the doctrine farther, perhaps, than it is necessary to go in the case at bar, to hold that a partner may maintain an action for the appointment of a receiver of the partnership business, for in addition to the existing legal right to bring such suit he has a business and property interest in the partnership, while the prosecuting attorney was only authorized to act in his official capacity for the general good.

In holding that the remedy of a receiver, available through the Auditor of State, is only cumulative, and not exclusive of existing remedies available to an aggrieved partner, we are not unmindful of some expressions of our courts, which, on first impression, seem to indicate a different view; but on closer investigation of the questions actually decided the conflict is found to be only apparent and not real—in the language employed in the reasoning, and not in the question decided.

In the case of *Ryan* v. *Ray, supra,* our Supreme Court held that the Auditor of State is the only person authorized to maintain an action against the officers and trustees of a savings bank for violation of their statutory duty. In that case the auditor had brought a suit before the case decided was instituted, but Mitchell, J., based the decision on the ground that the whole act was creative, and, among other things, said: "The officers of savings banks, like officers of other corporations, are only liable to the creditors of the artificial body in the manner and to the extent prescribed by the law. The general rule is, unless officers are made liable by statute for neglect of duty and mismanagement in office, creditors must look to the corporation for redress in respect of obligations contracted with it. * * * The principle which controls is that which has already been stated in substance, viz., that where a new right is created, and a specific mode of relief provided, the remedy is confined to the mode prescribed. *Aldrich* v. *Hawkins* [1842], 6 Blackf. 125; *Storms* v. *Stevens* [1885], 104 Ind. 46; *Howard* v. *Kentucky, etc., Ins. Co.* [1852], 13 B. Mon. 282; *Jessup* v. *Carnegie* [1880], 80 N. Y. 441, 36 Am. Rep. 643."

In the case of *Lowery* v. *State Life Ins. Co.* (1899), 153 Ind. 100, a policy-holder on his own initiative brought suit to enjoin the insurance company from doing certain alleged illegal acts, and it was held that the suit could not be maintained because the act under which the company was organized and doing business (Acts 1899 p. 30, §4694 Burns 1908) provided that no such suit should be brought "otherwise than upon the application of the Attorney-General on his own motion, or after his approval of a request in writing therefor by the Auditor of State."

In the case of *Huntington County, etc., Sav. Assn.* v. *Fulk* (1902), 158 Ind. 113, it was held that a receiver could not be appointed for such association, at the suit of a stockholder, without a recommendation of the Auditor of State, but the statute in that case expressly provided that a share-

holder's remedy, when he seeks a dissolution or winding up of the affairs of such association, is to petition the Auditor of State for an examination of such association, and file the bond required by the statute. This had not been done, and the order appointing the receiver was reversed.

In the foregoing case, and other cases, when the several statutes are considered, the decisions are in harmony with our conclusion. The rule is of general application, that where a remedy, which is not creative and which is not in derogation of some existing law or of some provision of the act itself, is given by statute, such remedy is not exclusive of existing remedies, but is only cumulative.

Our conclusion is that the remedy of a receiver prescribed by the private banking act (Acts 1907, *supra*) is not a new remedy, but only a different way of applying an old and previously existing remedy, and is not exclusive of such existing remedy in the aggrieved partner.

The reason for such inference is more conclusive when applied to the suit of a partner than to a stockholder in a corporation, for the latter depends wholly on the statute for existence.

Our view of the question presented by this appeal makes unimportant the provisions reserving to the courts of this State "visitorial powers." The phrase is not appro-7. priate when applied to courts, but was probably intended to indicate an intention of the legislature not to change or interfere with existing authority of the courts relating to such institutions.

We know of no authority so vested except the general power to try issues of fact, to decide questions of law, to appoint receivers, and to transact business of a kindred nature when duly presented. This view is consistent with and strengthens the conclusion already announced.

The judgment is therefore reversed, with instructions to the lower court to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.