## CROW *v.* EVANS ET AL.

[No. 22,009.   Filed December 10, 1912.]

1. DRAINS.—*Establishment.*— *Remonstrance.*— *Dismissal.*—*Appeal.*
   —The only provision for an appeal found in the drainage act
   (§6140 *ct seq.* Burns 1908, Acts 1907 p. 508), being that embraced
   in §6143 Burns 1908, Acts 1907 p. 508, §4, making the order of the
   court approving and confirming the assessments and declaring the
   proposed work of drainage established final and conclusive, unless
   an appeal therefrom to the Supreme Court shall be taken, etc., an
   appeal from a judgment dismissing a remonstrance to a drainage
   petition does not lie.   p. 662.
2. DRAINS.—*Establishment.*—*Judgment Dismissing Remonstrance.*
   —*"Final Judgment".*—*Appeal.*—A judgment dismissing a remon-
   strance to a drainage petition is not a final judgment within the
   meaning of §671 Burns 1908, §632 R. S. 1881, which contemplates
   that the judgment appealed from shall make a final disposition
   of the subject-matter of the litigation as to all parties, and put
   an end to all the issues arising between them regarding the sub-
   ject-matter of the action, to the full extent of the power of the
   court to dispose of same.   p. 662.

From Warren Circuit Court; *J. T. Saunderson,* Judge.

Petition by Ira Evans and others to establish a drain.
From a judgment dismissing the remonstrance of Benjamin
F. Crow and others, Benjamin F. Crow appeals.   *Appeal
dismissed.*

*John W. Sutton* and *Victor H. Ringer,* for appellant.
*Stansbury & Billings,* for appellees.

MORRIS, J.—Appellees filed their petition in the Warren
Circuit Court, praying for the establishment of a public
drain through certain described lands located in Warren
county.   Appellant, with others not named in the petition,
appeared at the proper time and filed a general remon-
strance against the construction of such drain, under the
proviso of §3 of the drainage act of 1907 (Acts 1907 p. 508,
§6142 Burns 1908), which requires the dismissal of a drain-
age petition where a remonstrance is filed, signed by two-

thirds in number of the landowners named as such in the petition, or who may be affected by any assessment or damages.

A trial of the issue tendered by the remonstrance resulted in a finding that it was not signed by two-thirds in number of the persons affected, and a judgment that the same should be dismissed. Appellant filed a motion for a new trial, which was overruled. From the judgment dismissing the remonstrance, this appeal is prosecuted.

Appellees have filed a motion to dismiss this appeal, for the alleged reasons, (1) that no right of appeal from such order is conferred by the drainage act of 1907, and (2) that the judgment is not a final one under §671 Burns 1908, §632 R. S. 1881, authorizing appeals in civil actions. Appellees are correct in their contention. The drainage act (Acts 1907 p. 508, §6140 *et seq.* Burns 1908) contains no provision referring to appeals, except that found in §4 (§6143 Burns 1908), which provides that "the order of the court approving and confirming the assessments, and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the supreme court be taken," etc. It is evident that this provision does not contemplate an appeal before the making of the order establishing the proposed drain.

It is also evident that the judgment appealed from is not a final one within the meaning of §671, *supra.* This statute contemplates one which makes a final disposition of the subject-matter of the litigation as to all parties, and puts an end to all the issues arising between them regarding the subject-matter of the action, to the full extent of the power of the court to dispose of the same. *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Traction Co.* (1906), 167 Ind. 193, 78 N. E. 661; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 82 N. E. 1037, and cases cited;

*Wehmeier* v. *Mercantile Banking Co.* (1912), 49 Ind. App. 454, 97 N. E. 558.

When appellant and others filed their remonstrance they did not institute a proceeding independent of that originated by the petition of appellees. *Barnes* v. *Wagener, supra.* The subject-matter of the litigation was the establishment of the proposed drain, and after the remonstrance was dismissed the lower court still had control of that subject-matter, and still possessed the power to dispose of other issues pertaining thereto. Section 6142, *supra,* expressly requires the court to dismiss the petition, if the commissioners find the proposed drainage impracticable, not of public utility, or that it will cost more than the amount of benefits. In such case, the error, if any, in having erroneously dismissed such a remonstrance as was filed here, would be rendered harmless to the remonstrators.

When this appeal was taken there had been no order establishing the proposed drain, and appellant, at that stage of the proceeding, was not entitled to a review by this court of the action of the trial court in dismissing the remonstrance.

Appeal dismissed.

NOTE.—Reported in 100 N. E. 8. See, also, under (1) 14 Cyc. 1044—39 Anno.; (2) 2 Cyc. 586.