# FOOTE *v.* FOOTE.

[No. 8,095.   Filed June 24, 1913.]

1. APPEAL.—*Questions Reviewable.—Briefs.—Sufficiency.*—On appeal from the sustaining of a motion to vacate a judgment, the statement in appellant's brief of the only two reasons on which the motion was based, although not appearing in the usual place and therefore not in strict accordance with Rule 22 of the Supreme and Appellate Courts, requiring a concise statement of so much of the record as fully presents every error and exception relied on, shows a good faith effort to comply with the rule and is sufficient to advise the court of the questions involved. p. 675.

2. · JUDGMENT. — *Vacating Judgments.* — *Power of Courts.* — Any proceeding in a court is *in fieri* until the close of the term, so that courts have complete control of the record of their proceedings during the entire term at which such proceedings are had, and, during such term may, for good cause shown, correct, modify or vacate any of their ·judgments. p. 676.

3. APPEAL. — *Review.* — *Vacating Judgment.* — *Presumptions.* — It will be presumed on appeal that the trial court was correct in sustaining a motion to vacate a judgment, which showed sufficient cause for setting aside the same, in the absence of a showing that such judgment was vacated at a subsequent term. p. 676.

4. JUDGMENT.—*Motion to Vacate.—Sufficiency.*—Where, in a divorce proceeding, the court rendered judgment that neither party was entitled to a divorce and that each party pay his own costs, a motion to vacate the judgment on the ground that the court inadvertently rendered judgment without considering and passing upon the question of an allowance to plaintiff for her expenses including attorney fees in her defense to the cross-complaint, and to give her an opportunity to show the court that.she is entitled to an allowance for such expenses, shows a good and sufficient cause for setting aside the judgment. p. 676.

5. APPEAL.—*Decisions Reviewable.—Order Vacating Judgment.—Record.*—Where, on a motion to vacate the judgment in a divorce

proceeding, the judgment was vacated and an order made directing that defendant pay to plaintiff a certain sum for her expenses and attorney fees, and the record fails to disclose that a final judgment was thereafter entered with respect to the issues joined on the pleadings, there was no final judgment from which an appeal could be had. p. 676.

6. APPEAL.—*Decisions Reviewable.—Order Vacating Judgment.*— An appeal does not lie from an order vacating a judgment. p. 677.

From Sullivan Circuit Court; *Wm. H. Bridwell,* Judge.

Action by Gertrude M. Foote against Wint A. Foote, for divorce. Judgment was rendered denying the divorce and that each party pay his own costs, and thereafter, on motion of plaintiff, the court vacated the judgment and entered an order requiring defendant to pay to plaintiff her expenses and attorney's fees, from which the defendant appeals. *Appeal dismissed.*

*G. W. Buff, W. P. Stratton* and *Wesley Forbes,* for appellant.

*J. Hurley Drake, Charles D. Hunt* and *Gilbert W. Gambill,* for appellee.

SHEA, J.—Action by appellee, Gertrude M. Foote, against appellant for divorce. Issues were formed by the complaint in two paragraphs, answer in general denial to each, a cross-complaint by appellant and an answer thereto in general denial. After hearing the evidence, the court found for appellant upon the complaint of appellee, and for appellee upon appellant's cross-complaint, and on May 8, 1911, rendered judgment that neither party was entitled to a divorce; that appellee take nothing by her complaint and appellant nothing by his cross-complaint and each party pay his own costs. On May 22, 1911, appellee filed her motion to vacate the judgment and permit her to make application for an allowance for expenses incurred in said action. Appellant objected to this motion for the reasons: (1) That the judgment was not inadvertently rendered by the court; (2) that final judgment was rendered on May 8,

1911, and motion to vacate was not filed until May 22, 1911; (3) no application for an allowance to appellee was pending or on file at the time the judgment was rendered. Appellee's motion was sustained, and the court rendered judgment vacating its former judgment and ordered appellant to pay appellee an additional allowance of $175 for attorney's fees. Appellant moved the court to modify the foregoing judgment by striking out the order of court making the additional allowance, which motion was overruled.

The errors relied on for a reversal are: (1) The court erred in vacating the final judgment rendered in this cause; (2) in vacating the final judgment rendered, on insufficient reasons; (3) in overruling appellant's objections to appellee's motion to vacate the judgment; (4) in making an additional allowance to appellee for attorney's fees; (5) in overruling appellant's motion to modify and change the order and judgment making an additional allowance to appellee for attorney's fees.

1. Appellee earnestly insists that appellant has omitted to set out in his brief a copy or the substance of appellee's motion to vacate the judgment; that this is not in compliance with Rule 22, clause 5 of this court, therefore the questions raised on this motion can not be considered. Appellant insists that not only is the substance of the motion set out in its brief, but the exact language of the only two reasons assigned in the motion for the vacation of the judgment is used. Appellant's brief contains this language: "For it will be observed that just two reasons were assigned for the vacation of the judgment: (1) 'That the court inadvertently rendered the judgment without considering and passing upon the question of an allowance to plaintiff for her expenses including attorney's fees in her defense to the cross-complaint'; and (2) 'For the purpose and in order that the plaintiff may have an opportunity and be permitted to move the court and show to the court that she is entitled to an allowance for expenses

incurred by her in defending against defendant's cross-complaint herein.' " While this language does not appear in the usual place, and is therefore not in strict accordance with Rule 22, it shows a good faith effort to comply with said rule, and is sufficient to advise the court of the questions involved in this appeal, which has been held adequate. *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665; *Indiana Union Traction Co.* v. *Heller* (1909), 44 Ind. App. 385, 89 N. E. 419.

The first three errors assigned, question the ruling of the court in sustaining appellee's motion to vacate the judgment. The theory of the law in this State is that "courts have full and complete control of the record of their proceedings during the entire term at which such proceedings are had, and, during the term, the court may, for good cause shown, correct, modify, or vacate any of its judgments. Any proceeding in a court is *in fieri* until the close of the term." *Durre* v. *Brown* (1893), 7 Ind. App. 127, 34 N. E. 577. See, also, *Davis* v. *Davis* (1895), 141 Ind. 367, 375, 40 N. E. 803; *Burnside* v. *Ennis* (1873), 43 Ind. 411, 413. No showing is made in this case that the judgment was vacated at a subsequent term of court. It is therefore presumed that the conclusion of the trial court is correct. The reasons assigned in support of appellee's motion show a good and sufficient cause for setting aside the judgment, and under the authority vested in the trial court, no error was committed in sustaining said motion. In view of the conclusion reached by the court, the other errors argued by appellant need not be discussed.

The record discloses that the court, by order duly entered, vacated a judgment theretofore rendered. The only order thereafter made is one directing that appellant pay to appellee $175 for expenses and attorney's fees. The record fails to disclose that there

was any final judgment thereafter entered with respect to the issues joined upon the complaint and cross-complaint, therefore there was no final judgment from which appellant could properly appeal in the absence of a statute providing therefor.  Section 671 Burns 1908, §632 R. S. 1881, provides:  "Appeals may be taken from the circuit courts and superior courts to the supreme court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars."  See, also, *Thomas* v. *Chicago, etc., R. Co.* (1894), 139 Ind. 462, 39 N. E. 44, and authorities cited; *Champ* v. *Kendrick* (1891), 130 Ind. 545, 30 N. E. 635; *Taylor* v. *Board, etc.* (1889), 120 Ind. 121, 22 N. E. 108.

6. Both this and the Supreme Court have held that an appeal does not lie from an order vacating a judgment.  *Masten* v. *Indiana Car, etc., Co.* (1898), 19 Ind. App. 633, 49 N. E. 981; *Wehmeier* v. *Mercantile Banking Co.* (1912), 49 Ind. App. 454, 97 N. E. 558; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 82 N. E. 1037; *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 79 N. E. 1087; *Randolph* v. *City of Indianapolis* (1909), 172 Ind. 510, 88 N. E. 949; *Reese* v. *State* (1856), 8 Ind. 416.  In the case of *Neyens* v. *Flesher, supra,* this language is found:  "No matter how clearly and decisively the entries in the record may indicate what the ultimate judgment or the sentence of the law when pronounced will be, until it is so pronounced there is no judgment.  Even though the court has fully found the facts and stated the conclusions of law, or the jury has returned a complete verdict which has been accepted and filed, neither of these acts will constitute a judgment.  *  *  *  A final judgment is one that at once disposes of all the issues, as to all parties, involved in the controversy presented by the pleadings, to the full extent of the power of

the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues.'' (Citing many authorities.)

In view of the record as above set out, the appeal is dismissed.

Note.—Reported in 102 N. E. 393. See, also, under (1) 2 Cyc. Anno. 1013; (2) 23 Cyc. 860, 901; (3) 3 Cyc. 322; (4) 23 Cyc. 925, 949; (5) 2 Cyc. 586; (6) 2 Cyc. 600. As to the power of court to vacate divorce decrees, see 60 Am. St. 656.