WRIGHT, commissioner, *v.* STATE MUTUAL LIFE INSURANCE CO.

(Evans, P. J., and Lumpkin, J., being disqualified, Judge Pen-
dleton, of the Atlanta circuit, and Judge Freeman, of the Coweta
circuit, were designated in their stead.)

PENDLETON, J. In an act of the legislature approved August 19, 1912, en-
titled "An Act to provide for the establishment of a Department of In-
surance," etc., (Acts 1912, p. 119), it is provided (section 29) that
when any domestic life insurance company is insolvent, or when such
company is in any one of certain other named conditions or situations,
or has done or failed to do certain things enumerated in the act, the in-
surance commissioner of the State may, the attorney-general represent-
ing him, apply to the superior court or any judge thereof for an order
directing such company to show cause why the commissioner should not
take possession of its property and conduct its business, and for such
relief as the nature of the case, or the interest of its policyholders, cred-
itors, stockholders, or the public may require. It is further provided in
the act that where the court grants the application the commissioner
may, in accordance with the provisions of the act, administer and con-
duct the business of the insurance company; and the act also contains
the provision that the commissioner may deal with the property and
business of such company in his own name as commissioner or in the
name of the company, as the court may direct; and he is vested with
title to all contracts and rights of action of such company, and, when cer-
tain conditions provided for in the act exist, he may proceed to liquida-
tion.  While authority is thus conferred upon the commissioner for tak-
ing charge of the business referred to and administering the same, or
for liquidating in certain cases, in the absence of express provision in
the statute itself or necessary implication, divesting creditors and policy-
holders of rights and remedies heretofore existing under the law, the act
should not be construed to be exclusive so as to deprive policyholders or
creditors of their right to make application to the court for such relief
as a court of law or equity might have afforded them under the laws
existing at the time of the passage of the statute in question. That being
the case, and the judge of the court below having, upon application for
injunction and receiver, appointed a temporary receiver to take charge
of the property and assets of the insurance company, it was not error
for him to refuse to take the property and assets thus turned over to
the receiver so appointed, and turn the same over to the insurance com-
missioner for the purpose of having him administer it under the pro-
visions of the act of 1912.

*Judgment affirmed. Fish, C. J., absent. Beck and Hill, JJ., concur. At-
kinson and Freeman, JJ., dissent.*

ATKINSON and FREEMAN, JJ. Whether the remedy provided in section 29
of the act referred to in the notes by the majority should be held to be
exclusive depends upon a construction thereof when considered in con-
nection with the entire act. The legislative intent must be given effect
so far as it may legitimately appear from the act. Considering the lan-
guage used and the nature of the subject-matter of legislation, it is our

opinion that the remedy was designed to be exclusive. Ulmer *v.* Falmouth Loan & Building Association, 93 Me. 302 (45 Atl. 32); Dresser *v.* Hartford Insurance Co., 80 Conn. 681 (70 Atl. 40 (16)); Great Western Life Assurance Co. *v.* State ex rel. Honan (Ind.), 102 N. E. 849.

NOVEMBER 20, 1914.

Application by insurance commissioner. Before Judge Fite. Floyd superior court. June 30, 1914.

*Warren Grice, attorney-general,* for plaintiff.

*Maddox & Doyal* and *Spencer R. Atkinson,* for defendant.