# Garrie S. French v. Bellows Falls Savings Institution et al.

1. EQUITY PRACTICE—*Cross-bills—When They May be Filed.*—A cross-bill is the only means, in equity practice, for a defendant to interpose matters arising after the filing of the original bill, by way of defense and for affirmative relief.

· 2. SAME—*Interlocutory Orders—An Order Dismissing Cross-bill is Interlocutory.*—An order sustaining a demurrer to a cross-bill, and dismissing it, is interlocutory, and not reviewable so long as the original bill is undisposed of.

3. SAME—*Dismissal of Original Bill—Effect on Cross-bill.*—The connection of the matter of a cross-bill with the subject-matter of the original bill, gives the court jurisdiction of the cross-bill, of which it can not be ousted by a dismissal of the original bill.  .,

4. SAME—*Cross-bills, to Enforce Legal Rights—When Maintainable.* —Although a cross-bill sets up purely legal rights, the original complainant, having brought the complainant in the cross-bill into equity upon matters of purely equitable cognizance, can not be heard to question the jurisdiction of equity over the matters set up in the cross-bill, if they be germane to the original bill.

5. PROMISSORY NOTES—*When Payment is Ground for Cancellation by Court of Equity.*—The maker of a note which has been paid by a third party, in accordance with an agreement between said persons, should not be required to wait an attack, but should be entitled to use the facts upon which he relies, if they be sufficient, as an offensive weapon to obtain the cancellation and surrender of the note.

**Bill,** to foreclose a mortgage, and cross-bill to cancel note. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed November 30, 1896.

S. A. FRENCH, attorney for appellant.

The cross-bill presented new facts connected with the subject-matter of the original bill, and defendants to cross-bill should have been required to answer it. Jones et al. v. Smith, 14 Ill. 229; Hurd v. Case, 32 Ill. 45; Robbins v. Swain, 68 Ill. 197; Higgins v. Curtis et al., 82 Ill. 28.

It is an elementary rule that when a court of chancery once obtains jurisdiction of a cause, it will retain it for all

the purposes of complete justice between the parties. McConnell v. Ayers, 3 Scam. 210; Rawson v. Fox, 65 Ill. 200; Leach v. Thomas, 27 Ill. 457.

STILLMAN & MARTYN, attorneys for Bellows Falls Saving Institution, Peyton R. Chandler and Frank R. Chandler, appellees.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee Savings Institution filed its bill to foreclose a trust deed in the nature of a mortgage, made by the appellant to secure his note for $7,000, dated September 1, 1890, and due September 1, 1895, and alleged that one of the defendants in the foreclosure suit, Ida F. Henkel, had become the owner of the mortgaged premises by purchase, and had assumed and agreed to pay the mortgage indebtedness as a part of the consideration or purchase money to be paid by her, and prayed for a foreclosure and for a deficiency decree, and execution thereon, against all the defendants found to be liable for the mortgage indebtedness.

In that suit to foreclose, the appellant filed his cross-bill setting up matters of defense, and for affirmative relief arising after the filing of the bill.

The cross-bill alleged, in substance, that about two years after the making of the trust deed by appellant, he sold and conveyed the mortgaged premises to said Ida F. Henkel, who assumed and agreed to pay the mortgage indebtedness with interest after July 1, 1892, and who subsequently paid interest thereon after that date up to January, 1895, and that she thereby became primarily liable to pay any deficiency which might be decreed in the said foreclosure proceedings; that after said bill to foreclose was filed, the said Henkel, in pursuance of an agreement entered into between herself and Chandler & Company, who were then and there the Chicago agents of the appellee Savings Institution in that behalf, conveyed by deed to Peyton R. Chandler, a member of the said firm of Chandler & Company, her equity

of redemption in said premises for the benefit of and in trust for said Savings Institution, which conveyance, it was averred, was made for a consideration of $250, in cash paid to her by the Savings Institution, or by Chandler & Company in its behalf, and in full accord and satisfaction, and in full payment of the mortgage indebtedness; and it was averred that it then and there became the duty of Chandler & Company, acting for the Savings Institution, to cancel and surrender appellant's note which evidenced said indebtedness, but that after said conveyance was made and delivered, said Chandler & Company, with the knowledge and approval of the Savings Institution, collusively refused to so cancel and surrender said note; and it was prayed that said Savings Institution and Chandler & Company, or one of them, be decreed to cancel and surrender said note to appellant.

On the same day that the cross-bill was filed, but whether before or after the filing of the cross-bill the record is silent, the bill to foreclose was dismissed on the motion of the complainant Savings Institution; but, some five or six days later, such order of dismissal was vacated upon motion of appellant, presumably on the ground that the filing of the cross-bill operated to hold the original bill, and the defendants to the cross-bill were ruled to plead, answer or demur thereto, within five days.

The Savings Institution and the Chandlers demurred to the cross-bill, and their demurrer was sustained, and the cross-bill was dismissed, from which order of dismissal appellant prayed an appeal; but subsequently withdrew such prayer, and thereupon the original bill was dismissed, on complainant's motion, at complainant's costs. From such final decree of dismissal this appeal is prosecuted.

· A cross-bill is the only means, in equity practice, for a defendant to interpose by way of defense and for affirmative relief, matters arising after the filing of a bill, as is a plea of *puis darrein continuance* of matters occurring between the declaration and the plea, in a suit at law. 1 Daniell's Chan. Pl. & Pr. 607; Story's Eq. Pl., Sec. 393; Puterbaugh's

Chan. Pl. & Pr. (4th Ed.), 366; Ferris v. McClure, 36 Ill. 77; Cross v. DeValle, 1 Wall. 5.

The appeal from the decree dismissing the original bill, brings up for review the question of whether the cross-bill was properly dismissed. The order sustaining the demurrers to the cross-bill, and dismissing it, was but interlocutory, and was not reviewable so long as the original bill stood undisposed of. Sholty v. Sholty, 140 Ill. 81; Fleece v. Russell, 13 Ill. 31; McMahon v. Quinn, 140 Ill. 199; Elliott's Appellate Procedure, Secs. 81, 120; but see contra, Lehman v. Ford, 47 Ala. 733.

Although in a limited sense the order sustaining the demurrer was a final one, yet it was not until the original bill was disposed of that it was final, in the sense of being appealable. See Webster v. Spindler, 36 Mo. App. 355.

We waive the question whether, after a cross-bill has been filed and dismissed upon demurrer, the complainant may, upon his own motion and without the consent of the cross-complainant, dismiss his original bill at his own costs, which may perhaps be said to be involved in some uncertainty. Sec. 36 of the Chancery Act; Gage v. Bailey, 119 Ill. 539; Mohler v. Wiltberger, 74 Ill. 163; Flaherty v. McCormick, 123 Ill. 525; Ralls v. Ralls, 82 Ill. 243.

According to the statement of the case in Ogle v. Koerner, 140 Ill. 170, a cross-bill was dismissed upon demurrer for want of equity, and thereupon the original bill was dismissed on motion of the complainants. And it was there held, as we understand the opinion, that it would have been error to have denied the motion of the complainants to dismiss their original bill under such circumstances; and it was said : " If it be assumed that the cross-bill in this case was property dismissed, the court committed no error in allowing the complainants in the original bill to dismiss their bill on their own motion, and at their own costs."

" It may be, if this court should be of the opinion that the cross-bill in this case was improperly dismissed, and should reverse the decree in that respect, so as to reinstate the cross-bill, that the complainants in that bill would have

French v. Bellows Falls Savings Institution.

a right to insist upon the vacation of the order dismissing the original bill, so as to restore the case upon both bills to the position in which it stood before the commission of the error. But until it is found that the cross-bill is improperly dismissed, the order dismissing the original bill can not be disturbed."

It does not seem as though it would be a reasonable interpretation of the statute, that "no complainant shall be allowed to dismiss his bill after a cross-bill has been filed, without the consent of the defendant," to hold that after a dismissal of the cross-bill upon demurrer, the complainant's control of his original bill should not revest in him, and he be allowed to dismiss it precisely as though no cross-bill had been filed; and we therefore follow the course pursued by the Supreme Court in the case last cited and proceed to the inquiry whether the cross-bill of the appellant was, or not, properly dismissed as for want of equity. If we conclude that it was not, then, under the suggestion quoted, the appellee Savings Institution may, if it chooses, move the Superior Court to vacate the order dismissing the original bill and the cause can proceed upon both bill and cross-bill as if neither of them had ever been dismissed.

We do not intend, however, to be understood to hold that it will be necessary, if the cross-bill be reinstated, that the decree of dismissal of the original bill be also set aside, as a precedent necessary to a hearing of the cross-bill upon its merits.

It has been frequently held that where the cross-bill sets up, as it may, additional facts not alleged in the original bill, relating to the subject-matter, and prays for affirmative relief against the plaintiff in the original bill on the case thus made, the dismissal of the original bill does not dispose of the cross-bill, but it remains for disposition as if it had been filed as an original bill; or, in other words, when the cross-bill partakes more of the nature of an original bill than of a mere defense, the dismissal of the original bill will not necessarily carry the cross-bill with it. 2 Daniell's Ch. Pl. and Pr. (5th Ed.), 1553, note 3; note *a* to Sec. 399, Story's Eq. Pr., and cases cited.

So in Ladner v. Ogden, 31 Miss. 332, it was said:

"When a cross-bill is filed for relief, separate and independent of the original bill, but touching the same property or growing out of the same subject-matter involved in the original bill and involving the rights of the co-defendants to the original bill, the dismissal of the original bill would not necessarily dismiss the cross-bill; because it is, in legal effect, more of the nature of an original than of a cross-bill."

Such remarks were made, too, in a case where the original bill was not dismissed after a hearing upon the merits, as being without equity, and therefore by the act of the court, but upon order of the complainant.

Again in Ragland v. Broadnax, 29 Grat. (Va.) 401, quoting from 2 Barb. Ch. 129, it is said: "The connection of the matter of a cross-bill, be it *per se* legal or equitable, with the subject-matter of the original bill, gives the court jurisdiction of the cross-bill, of which it can not be ousted by a dismission of the original bill."

Now in this case, even though it may be, as set up in the cross-bill, that the Savings Institution, having taken to a trustee for its use all of the equity of redemption which it could acquire by a foreclosure of the mortgage, and because thereof, become barred of a right to proceed upon the original bill (see Funk v. McReynolds, 33 Ill. 481), and should, therefore, not desire in any event to have the decree dismissing its own bill upon its own motion set aside, yet if the cross-bill be reinstated there would seem to be, under the authorities cited, every reason why the cross-bill alone might be proceeded upon to obtain the affirmative relief it seeks, without the presence of the original bill in the suit, the cross-bill being for relief allowable under an original bill, if filed for that purpose, and as said in Ladner v. Ogden, *supra*, "more of the nature of an original than of a cross-bill."

That the matters set up in the cross-bill were germane to the original bill, is not denied, but it is contended that the matters stated do not constitute a case calling for equitable relief.

The sole scope and object of the cross-bill was to obtain a surrender of the negotiable note made by the appellant and secured by the trust deed. Under certain circumstances such would be a clear right of appellant, by original bill, and as the court had jurisdiction of the subject-matter and of the parties, one of whom was a non-resident, alleged to be a Vermont corporation, it would be unjust to compel the institution of a new suit in equity for the sole purpose of obtaining what can be as well decreed in this suit with all parties already in court. Quick v. Lemon, 105 Ill. 578 (p. 587).

The appellees contend that, if what is alleged in the cross-bill be true, the appellant has a complete remedy at law by defending against any suit that may be brought against him upon the note. Perhaps he might have a good defense to such a suit at law, but that fact does not oust the equity court of its jurisdiction acquired under the original bill.

Though the matters stated in the cross-bill were purely of legal rights, the original complainant having brought the appellant into equity upon matters of exclusive equitable cognizance, it can not now be heard to question the jurisdiction of the equity court over the matters set up by appellant in his cross-bill. Quick v. Lemon, 105 Ill. 578; Story's Eq. Pl., Sec. 399.

Appellant ought not to be required to await an attack, but should be entitled to use the facts upon which he relies, if they be sufficient, as an offensive weapon to obtain equitable relief, to wit, the cancellation and surrender of his outstanding and paid note. Pomeroy's Eq. Juris., Secs. 105 and 1375, *et seq.*

But it is further insisted that the agreement stated in the cross-bill in no manner inured to the benefit of the appellant, and that there was no privity between appellant and any of the parties to the agreement.

The appellant was the maker of the note, and Henkel had assumed and agreed to pay it as part of the purchase price agreed by her to be paid for the conveyance of the

mortgaged premises by appellant, to her, and as between appellant and Henkel, the latter had become the principal debtor, and appellant a surety.

There was thus a clear privity between appellant and Henkel with reference to the indebtedness, and what might be done by either with reference to it, directly affected the other, and payment of the note by Henkel would most clearly inure to the benefit of appellant.

What we have said, substantially disposes of all the objections that have been urged against the cross-bill, and examining that pleading with reference to the views we have expressed, we must hold that upon its face it disclosed equities, the truth of which should have been inquired into and determined upon a hearing.

The decree dismissing the original bill, which is the decree appealed from, is, therefore, reversed, with directions to the Superior Court to reinstate the cross-bill, and permit, if desired, issues as to its merits to be formed and heard. Whether the complainant in the original bill shall elect to proceed further with its prosecution, and it should be permitted to do so if it so elect, we regard as being immaterial to the right of the appellant to have a determination of the issues presented by his cross-bill; but in view of what we have said, it will be the safer course for the Superior Court to refuse to allow the original bill to be again dismissed, except upon a final decree adjudging the merits of the cross-bill in connection with it.

The decree of the Superior Court is accordingly reversed and the cause remanded.