## Michael J. Howard, Impleaded, etc., v. Charles L. Boyd.

1. APPEAL—*From an Order Dismissing a Cross-Bill.*—An order dismissing a cross-bill is but interlocutory and not appealable.

2. SAME—*Final Disposition of the Cause Below.*—A cause must be finally disposed of in the court below before either party can carry it to the Appellate Court and assign error in the record.

**Bill**, to remove clouds from title. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1896. Appeal dismissed. Opinion filed December 28, 1896.

THOMPSON, DELAMATER & CLARK, attorneys for appellant.

JENKINS & LOUGHRIDGE, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from an order of the Circuit Court sus-

taining a demurrer to, and dismissing for want of equity, the cross-bill and amended cross-bill of the appellant filed in a certain cause in chancery, wherein the appellee was complainant, and said appellant, and others, were defendants.

The cause upon the original bill remained undisposed of, and is still pending in the Circuit Court.

The order dismissing the cross-bills was but interlocutory, and was not appealable.

It is apparent, from an examination of it, that the original bill, which was exhibited in the Circuit Court for the purpose of having a certain lease and two certain quit-claim deeds of the leasehold estate declared null and void, set aside, delivered up and canceled, remains undisposed of in respect to all the material issues presented by it; and it may be added, without prejudice to the future litigation under the original bill, that at least some of the issues presented by the cross-bill may yet be litigated under the answer of the appellant to the original bill.

It is therefore manifest that to permit this appeal from the decree dismissing the cross-bill to stand for consideration upon its merits, would have no effect to settle all the rights of the parties that are involved in the litigation, and would permit the case to be considered, as has been said, by piece-meal, a practice not allowable, as has been often decided by our courts.

"A cause must be finally disposed of in the court below before either party can carry it to the Appellate Court and assign errors in the record." Sholty v. Sholty, 140 Ill. 81; Fleece v. Russell, 13 Ill. 31; Cunningham v. Loomis, 17 Ill. 555; French v. Bellows Falls Savings Institution p. 179, this volume.

The appeal is dismissed.