## Charles H. Lawrence v. Joseph E. Paden and Martin M. Gridley.

1. APPEALS—*Unknown to the Common Law.*—Appeals are unknown to the common law, and exist solely by virtue of the statute, and the statute allows appeals only from all final judgments, orders and decrees.

2. CROSS-BILL—*When Unnecessary.*—A cross-bill would seem to be unnecessary as between the defendants to a bill of interpleader.

3. INTERPLEADER—*What is Necessary for Defendants to Set Up.*—It is only necessary for the defendants to a bill of interpleader to set up their grounds of claim or right to the subject-matter of the bill, and the court can then adjudge who has the better right, and, under the prayer of the bill, decree accordingly.

4. FINAL JUDGMENT—*What Is Not.*—If the judgment of the trial court leaves either party at liberty to again apply to that court for relief, the judgment is not final and no appeal can be taken from it.

5. SAME—*As to Several Defendants.*—If a case against several defendants is finally disposed of as to one, leaving other proceedings to be had to determine the matters as to others, there is no such final judgment as the law contemplates as the basis of an appeal.

**Bill of Interpleader and Cross-bill.**—Trial in the Superior Court of Cook County; the Hon. HENRY M. SHEPARD, Judge, presiding. Hearing and cross-bill stricken from the files. Appeal. Heard in this court at the October term, 1897. Appeal dismissed. Opinion filed June 13, 1898.

WM. SHERMAN CARSON, attorney for appellant, contended that the court erred in striking the cross-bill of appellant from the files, upon motion. Such motion was contrary to the established practice, and deprived appellant of all rights of amendment under the statute. Citing (as to practice): Johnson v. Freeport & M. R. R.

Co., 111 Ill. 413; Dupuy v. Gibson, 36 Ill. 197; Johnson v. Freeport & M. R. R. Co., 116 Ill. 525; Judson v. Stephens, 75 Ill. 255; Orne v. Cook, 31 Ill. 238; Thomas v. Adams, 30 Ill. 37; Town of Tamaroa v. Trustees, 54 Ill. 334.

(As to effect of motion:)  Grimes v. Grimes, 143 Ill. 556; Thomas v. Adams, 30 Ill. 37; Vieley v. Thompson, 44 Ill. 9; Johnson v. Freeport & M. R. R. Co., 111 Ill. 413.

(As to elements of the bill:)  2 Story on Eq. Juris., Secs. 806, 807; 3 Pomeroy on Eq. Juris., Sec. 1320; National Live Stock Bank v. Platte Valley State Bank, 54 Ill. App. 486; Livingston v. Bank of Montreal, 50 Ill. App. 567.

(The cross-bill was authorized:)  Owen et al. v. Apel, 68 Ill. 391; Starr & Curtis' Rev. Stat., Chap. 22, Sec. 30.

The court erred in denying to appellant the right to proceed under his cross-bill.  Jones v. Smith, 14 Ill. 230; Robins v. Swain, 68 Ill. 197; Peoria & Springfield R. R. Co. v. Bryan, 5 Ill. App. 387.

PADEN & GRIDLEY, attorneys for appellees.

It is a universal law that appeals can only be taken from and the review of an appellate court had upon final judgments, orders and decrees of the trial court.  Furthermore, there must be a final disposition of the whole case.  If a case against several is finally disposed of as to one, leaving other proceedings to be had to determine the matters as to others, there is no such final judgment as the law contemplates as the basis of an appeal.  Shinn's Pleading & Practice, Sec. 1013; Sholty v. Sholty, 140 Ill. 82; McCormick v. West Chicago Park Com., 118 Ill. 655; Farson v. Gorham, 117 Ill. 137; International Bank v. Jenkins, 109 Ill. 219.

A writ of error will not lie except to a final order of court. So if a bill is dismissed as to one or more parties, the complainant can not prosecute a writ of error until there has been a final disposition of the case as to all other parties.  A cause of action can not be reviewed as to one party at one time and as to another party at another time. Thompson v. Follansbee et al., 55 Ill. 427.

It is essential to an interpleader that the party seeking relief should have incurred no independent liability to either party, and should have acknowledged the title of neither. If he has come under any personal obligation to either of the claimants in respect to the specific property in dispute independently of the question of title, so that the whole of the rights claimed by the defendants can not properly be determined in litigation between them, it is not a proper case for interpleader. The case of landlord and tenant and principal and agent, already stated, are illustrations of this rule. Bispham's Equity, 421.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from an order striking from the files a cross-bill of appellant.

January 19, 1897, John Gould filed a bill of interpleader making John E. Townsend, Joseph E. Paden, Martin M. Gridley, and Charles H. Lawrence, the appellant, defendants thereto. The bill avers, in substance, that April 27, 1895, the complainant, Gould, leased from Townsend certain premises, described in the bill, for twenty-four months, at a monthly rental of $40 per month, and that he had paid the rent up to the end of October, 1895; that November 5, 1895, he was notified in writing by Charles H. Lawrence that a written contract had been entered into between Lawrence and Townsend for the purchase by the latter from the former of the premises; that Townsend had not complied with his contract and the title was still in Lawrence, and that he, Lawrence, would look to Gould for the rent; that November 14, 1896, the complainant received from Paden & Gridley a notice that Townsend had assigned to them the amount of rent then due, and also at same date, a notice of said assignment from Townsend; that Paden & Gridley threatened to bring suit for the rent, and that January 12, 1897, Lawrence demanded of complainant possession of the premises, and January 14, 1897, commenced an action of forcible detainer to recover such possession before a jus-

Lawrence v. Paden.

tice of the peace. The complainant offered to bring the rent into court and pay it to whomsoever the court might direct and prayed that the defendants might interplead, etc. Townsend, Paden and Gridley demurred to the bill, and February 9, 1897, the demurrer was sustained and the bill dismissed as to them, thus leaving Lawrence the sole defendant to the bill.

February 25, 1897, Lawrence filed an answer to the bill, averring, among other things, that August 12, 1894, he was the owner of lots 8, 9, 10 and 13 in a certain subdivision, the leased premises being a part of lot 10, and that, at that date, he entered into a contract with Townsend for the purchase by the latter of said premises. The answer then sets out the contract, which is quite complicated, claims that Townsend did not comply with it, and that November 13, 1896, he served a notice on Townsend that unless, within thirty days from that date, he should comply with his contract, it would be declared forfeited, and that he did not comply with it; that the pretended assignment of the rents from Townsend to Paden & Gridley was fraudulent and collusive as between the parties to it; and that the rents were not payable by the terms of the lease until April, 1897. The answer concludes with a prayer that it may be taken as a cross-bill and for a decree establishing appellant's rights, etc.

March 29, 1897, appellant filed a cross-bill alleging substantially the same facts as in his answer theretofore made a cross-bill, and praying for process of summons to Townsend, Paden and Gridley, as to whom the original bill had theretofore been dismissed.

March 31, 1897, a demurrer was filed by Gould to the cross-bill, and April 5, 1897, the demurrer was overruled. Summons was served on Paden & Gridley, and, July 7, 1887, Paden & Gridley filed a motion in writing to strike the cross-bill from the files, assigning reasons, etc. July 16, 1897, the court sustained the motion and struck the cross-bill from the files. The objection is made that the order striking the cross-bill from the files is not a final order or

decree from which an appeal lies.    Appeals are unknown to
the common law, and exist solely by virtue of the statute,
and the statute allows appeals only "from all final judg-
ments, orders and decrees."    The bill of interpleader is still
pending, and there has been no final adjudication of the
issues, as between the parties whom the bill prays may
interplead, namely, who, as between the parties named in
the bill, is entitled to the rents.    In addition to this, the
cross-bill appears to have been unnecessary.    Appellant hav-
ing already answered, and made his answer a cross-bill, his
rights could have been fully adjudicated on his answer if
sufficient, and if he deemed the answer insufficient in any
particular, he may apply to the court for leave to amend it,
when his rights, as between him and Townsend, if the latter
shall be made a party, can be fully adjudicated.

A cross-bill would seem to be unnecessary as between the
defendants to a bill of interpleader.    It is only necessary
for them to set up their grounds of claim or right to the
subject-matter of the bill, and the court can then adjudge
who has the better right and, under the prayer of the bill,
decree accordingly.

"If the judgment of the trial court leaves either party at
liberty to again apply to that court for relief, the judgment is
not final, and no appeal can be taken therefrom.    Further-
more, there must be a final disposition of the whole case.    If
a case against several is finally disposed of as to one, leaving
other proceedings to be had to determine the matters as to
others, there is no such final judgment as the law contem-
plates as the basis of an appeal."    2 Shinn's Pl. and Pr.,
Sec. 1013.

Woodside v. Woodside, 21 Ill. 207, was error to reverse a
judgment for costs rendered on a verdict on a feigned issue
out of chancery.    The suit was dismissed, the court saying:
"This judgment was interlocutory only, from which an
appeal or writ of error will not lie.    There must be a final
decision of the chancery cause before either party can have
part of it reversed in this court; such a decision of the
whole case as settled the rights of the parties respecting the

subject-matter of the suit and which concludes them until reversed." See also the following cases: Thompson v. Follansbee, 55 Ill. 427; Gage v. Eich, 56 Ib. 297; Racine & M. Rd. Co. v. Farmers L. & T. Co., 70 Ib. 249; International Bank v. Jenkins, 109 Ib. 219; Farson v. Gorham, 117 Ib. 137; Sholty v. Sholty, 140 Ib. 81; Ben. Ass'n v. Farwell, 5 Ill. App. 240, citing numerous cases.

Counsel for appellant have cited cases in which appeals were entertained from orders dismissing cross-bills on the ground, apparently, that they were exceptions to the general rule, but we do not think that the present case falls within any well-recognized exception to the rule, nor can we perceive how any hardship can accrue to appellant from the dismissal of the cross-bill. The complainant can have no relief against appellant as the record now is. The bill is to compel appellant Townsend and others to litigate the question of the right to the rents of the leased premises, and the bill having been dismissed as to all except appellant, to which dismissal no one seems to have objected, there is no one left with whom, under the bill of interpleader, appellant can litigate that question. If appellant desires to litigate with Townsend respecting his alleged rights under his contract with him, he can do so by original bill. It is apparent that if the court ruled correctly in dismissing the bill against all the defendants except appellant (in reference to which we express no opinion), it should also have been dismissed as to appellant.

The question discussed by counsel, whether the striking the cross-bill from the files was proper practice, is not necessary to be considered, because, whether it was or not proper practice can not affect the question whether the order was or not appealable. We are of opinion that the order striking appellant's cross-bill from the files is not a final order and not appealable. The appeal, therefore, will be dismissed. Appeal dismissed.