## Hopp v. Luken et al.

[No. 7,353.   Filed November 16, 1909.]

1. APPEAL.—*Final Judgment.*—*What Is.*—A final judgment, from which an appeal lies, must dispose of all of the issues as to all of the parties.  p. 569.
2. APPEAL.—*Parties.*—An appeal cannot be taken against a part only of those recovering judgment where there are other parties to the action whose rights are undetermined.  p. 569.
3. JUDGMENT.—*What Is.*—*Rulings.*—A judgment must show a final disposition of the case, a mere ruling of the court being insufficient.  p. 569.

From Starke Circuit Court; *John C. Nye*, Judge.

Cross-complaint by John H. Hopp against William Luken and others.  From a judgment for defendants, plaintiff appeals.  *Appeal dismissed.*

*Harry C. Miller*, for appellant.

*W. C. Pentecost* and *H. R. Robbins*, for appellee Luken.

HADLEY, C. J.—On December 24, 1904, appellees Luken and Voght filed a complaint against appellant, John Hopp, and numerous other parties not named in this appeal, to quiet title to certain land in Starke county.  Each of said defendants in said suit filed a separate cross-complaint, making his co-defendants and appellees, Luken and Voght, defendants thereto.  Thereupon appellees Luken and Voght dismissed their complaint, and each filed a separate demurrer to each of said cross-complaints, which demurrers were sustained.  No judgments were rendered upon any of these rulings of the court, or upon the dismissal of the complaint by appellees Luken and Voght.  Appellant then filed an amended cross-complaint, making his co-defendant Fred Kasch, the plaintiffs, Luken and Voght, the Lion Brewing Company and the Northern Indiana Brewing Company defendants thereto.  To this cross-complaint Luken and Voght each filed a separate demurrer, which demurrers were sustained.  The record recites that Hopp abided by the ruling of the court on the

demurrers and refused to plead further, and that judgment for costs should go against him. Judgment was thereupon rendered in favor of Luken and Voght and against cross-complainant Hopp.

Appellees Luken and Voght have filed a motion to dismiss the appeal, for the reason that the judgment appealed from is not a final judgment. It will be observed that there 1. has been no adjudication of the rights of any of the parties in said cause who were before the court, except Luken and Voght. The cross-complaint of Hopp, upon which the judgment appealed from is based, shows that there is a cause of action still pending and existing between Hopp, Kasch, the Northern Indiana Brewing Company and the Lion Brewing Company. These defendants have never been defaulted, and have never answered or pleaded in any way to said cross-complaint. Their rights, therefore, are unadjudicated and undetermined. A final judgment from which an appeal may be taken, within the meaning of the statute, is one that determines all of the issues between all of the parties thereto. *Keller* v. *Jordan* (1897), 147 Ind. 113; *State, ex rel.,* v. *Lung* (1907), 168 Ind. 553; *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, and cases cited.

Where judgments are taken in an action between different parties, appeals cannot be taken therefrom separately or by piecemeal. *Western Union Tel. Co.* v. *Locke* 2. (1886), 107 Ind. 9; *Champ* v. *Kendrick* (1892), 130 Ind. 545; 1 Freeman, Judgments (4th ed.), §33.

Before appellant can prosecute his appeal, he must have his record show that the interest of all the parties before the court have been finally adjudicated and disposed of. 3. A mere ruling of the court is not a judgment. *Keller* v. *Jordan, supra; State, ex rel.,* v. *Herod* (1898), 21 Ind. App. 177, and cases cited.

Appeal dismissed.