## DAEGLING ET AL. v. STRAUSS ET AL.

[No. 9,277. Filed October 27, 1915.]

1. APPEAL.—*Finality of Judgment.*—*Review.*—In an action to quiet title and for possession of real estate where the special findings and conclusions of law covered all the issues between the parties, but the record discloses no judgment against appellants as to the interest which the court found to be held by one who was a defendant to appellant's cross-complaint, the issue as to such defendant was not adjudicated, and hence the judgment was not a final judgment from which an appeal would lie. p. 676.

2. JUDGMENT.—*Final Judgment.*—A final judgment is one that at once disposes of all the issues, as to all the parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of same, and puts an end to the particular case as to all of such parties and all of such issues. p. 676.

From Lake Circuit Court; *Wm. J. Whinery,* Special Judge.

Action by Maurice T. Strauss and others against Frank Zawadski and others. From the judgment rendered, Fernando W. Daegling and another appeal. *Appeal dismissed.*

*Bomberger, Curtis, Starr & Peters* and *F. L. Weisheimer,* for appellants.

*Frank B. Pattee* and *Fred B. Smith,* for appellees.

FELT, J.—The appellees, other than Simon Kalish, move the court to dismiss this appeal, and in substance allege: (1) that the court has acquired no jurisdiction of the appeal to decide the merits of the case because "there is no final judgment against the defendants to the cross-complaint, Sarah Strauss, Mark Hershberg, Flora Strauss, Morris Alexander, Belle Strauss, Simon Kalish, ——— Kalish, his wife * * * May Kalish, wife of Otto Kalish and Marie Kalish; (2) because the above named persons are parties to the judgment adverse to the appellants, being defendants to appellants' cross-complaint and as such being interested in having the judgment in favor of appellees and against appellants stand. They are necessary parties to the assignment of errors but are not named as parties thereto."

The case was tried on an amended complaint to quiet title, and for possession of real estate, filed by Maurice T. Strauss, Bertha Hershberg, Minnie Blum, Abraham Strauss, Bertha Alexander, Isaac Strauss, Sidney Blum, Jessie Blum, Amanda Vehon, Morris Kalish, Sigmund Kalish, David C. Blum, Otto Kalish and Joseph Regenstein, against Frank Zawadski, Mrs. Frank Zawadski, whose given name is unknown, Fernando W. Daegling, Laura Daegling, his wife

and Frank Moynan, as trustee. The averments of the amended complaint show the plaintiffs to own $\frac{726}{780}$ part of the real estate therein described. The appellants filed a cross-complaint against the plaintiffs and Sarah Strauss, Mark Hershberg, Flora Strauss, Morris Alexander, Belle Strauss, Simon Kalish, ——— Kalish, his wife, May Kalish, wife of Otto Kalish and Marie Kalish, in which they alleged that they were husband and wife and the owners as tenants by entirety of all the real estate described in plaintiffs' complaint, and asked that their title be quieted as against all said parties. The plaintiffs in the original complaint and David C. Blum and Otto Kalish, answered the cross-complaint by general denial and the other defendants were defaulted.

The case was tried by the court which, on due request, made a special finding of facts and stated its conclusions of law thereon. The court found that each of the plaintiffs was the owner of a certain undivided fractional part of said real estate which is definitely set out in the finding, and that Simon Kalish, defendant to the cross-complaint, was the owner of $\frac{54}{780}$ part thereof, which fractional parts together comprised all of the real estate in controversy. On the facts so found the court stated its conclusions of law in substance that (1) the plaintiffs and the defendant, Simon Kalish, are the owners of the real estate described in the complaint, as tenants in common, setting out each fractional interest; (2) "That the plaintiffs are entitled to a decree quieting their title to said real estate against the defendants Fernando W. Daegling and Laura W. Daegling, his wife, Frank Zawadski, Mrs. Frank Zawadski his wife, * * * and Frank Moynan, as trustee * * *. That the plaintiffs are entitled to the possession of the real estate as against the defendants Daegling and Daegling and Zawadski and Zawadski"; (3) "That the defendants Daegling and Daegling should take nothing by their cross-complaint"; (4) "That the plaintiffs take nothing by their complaint

herein against the defendant, Simon Kalish.'' Thereupon the court rendered judgment as follows: ''That the plaintiffs are the owners in fee simple and entitled to the possession of the real estate described in said special findings of fact in plaintiffs' complaint herein described, subject however, to the rights of said Daegling and Daegling and said Zawadski and Zawadski and said Moynan as trustee, as occupying claimants of said described real estate; that the defendants have not, nor has any of them any right, title, interest or claim in or to said described real estate or any part thereof, except the said right of said defendants Daegling and Daegling as occupying claimants thereof, and such rights as the defendants Zawadski and Zawadski and the defendant Moynan, as trustee may have through said defendants Daegling and Daegling as such occupying claimants; that the plaintiffs' title to said real estate be and the same is hereby forever quieted and set at rest in them, subject to the rights aforesaid. It is further ordered, adjudged and decreed by the Court that the plaintiffs do have and recover of and from the defendants Daegling and Daegling and Zawadski and Zawadski the immediate possession of the real estate described in the findings herein, and that a writ of ejectment may at the direction of the plaintiffs herein be issued by the Clerk of this Court to the Sheriff of Lake County, Indiana, to put said plaintiffs into possession of said real estate.''

The appellants have named as appellees, Maurice T. Strauss, Bertha Hershberg, Minnie Blum, Abraham Strauss, Bertha Alexander, Isaac Strauss, David C. Blum, Sidney Blum, Jesse Blum, Joseph Regenstein, Amanda Vehon, Morris Kalish, Otto Kalish, Sigmund Kalish, and Simon Kalish, but have not named therein the parties set out in appellees' motion to dismiss, except Simon Kalish.

The judgment quiets the title of the plaintiffs to the action, but makes no adjudication of the title of Simon Kalish. In their cross-complaint appellants claim to own all

the real estate in controversy, and, while the finding of facts and conclusions of law are against them on the proposition, there is no judgment against appellants as to the interest in the real estate which the court's finding shows is owned by Simon Kalish. The language in the court's finding indicates that Simon Kalish was treated as a defendant to the original suit and one of the conclusions of law is that "the plaintiffs take nothing by their complaint herein against the defendant, Simon Kalish", but the record shows he was not a party to the amended complaint, but was a defendant to the cross-complaint.

The appellants are seeking relief from a judgment which only adjudicates a portion of the title to the real estate in controversy and which is not binding against them as to the interest of Simon Kalish. Had the judgment been rendered against appellants on the cross-complaint in conformity with the finding of facts and conclusions of law, it would have covered all the issues as to all the parties, including Simon Kalish, but as it is, this issue is not adjudicated.

A final judgment is one that at once disposes of all the issues, as to all parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues. *Wehmeier* v. *Mercantile Banking Co.* (1912), 49 Ind. App. 454, 456, 97 N. E. 558, and cases cited; *Smith* v. *Graves* (1915), *ante* 55, 108 N. E. 168; *Crow* v. *Evans* (1912), 178 Ind. 661, 662, 100 N. E. 8; 2 R. C. L. 42; 3 C. J. 446, 447, 448, 492. Section 577 Burns 1914, §551 R. S. 1881, provides that where the trial is by the court and a request for a special finding of facts has been duly made, "the court shall first state the facts in writing, and then the conclusions of law upon them, and judgment shall be rendered accordingly." The court found the facts and stated its conclusions of law as

to all the issues and all the parties, but no judgment was rendered against appellants on the conclusion of law in favor of Simon Kalish, and that appellants take nothing by their cross-complaint. The statute clearly designates three steps in such trials, viz., the finding of facts, the conclusions of law, and the judgment. The judgment from which the appeal was taken, therefore does not dispose of all the issues as to all the parties to the full extent of the power of the court so to do, and is not final within the meaning of §671 Burns 1914, §632 R. S. 1881, authorizing appeals, as interpreted by a long line of decisions by both our courts of last resort.

In *Keller* v. *Jordan* (1897), 147 Ind. 113, 46 N. E. 343, our Supreme Court quoted with approval the language of Elliott, App. Proc. §91 where it is said: "The fundamental principle is that the case, in all its parts, must be disposed of in so far as it is before the court, under the issues, otherwise it will not be regarded as one in which an appeal will lie."

The law does not favor the decision of legal controversies by piecemeal, and our lawmakers in enacting the statute wisely invoked the same principle. Our conclusion upon this subject makes it unnecessary for us to pass upon the other grounds for dismissal alleged in appellee's motion.

The interest of Simon Kalish in the real estate was in issue and was passed upon by the court up to the point of the rendition of the judgment where it was entirely omitted. Whether he be regarded as a party to the amended complaint, or only a defendant to the cross-complaint, as shown by the record, can not change the fact that the judgment from which the appeal was taken is not complete and final as to all the parties and all the issues of the case tried by the court. While it is always to be regretted when the court is compelled to dispose of an appeal on technical grounds, yet, in this instance, the hardship is minimized as there appears no good reason why there may not yet be

a final judgment rendered in the case since the finding of facts and conclusions of law cover all the issues tried by the court.

We therefore conclude that the judgment from which the appeal was taken is not final and appealable within the meaning of our statute, and that the motion to dismiss should be sustained. Appeal dismissed.

NOTE.—Reported in 109 N. E. 920. See, also, under (1) 3 C. J. 446, 462; 2 Cyc. 586, 588; (2) 3 C. J. 441; 2 Cyc. 587, 588.