FAYLOR ET AL. *v.* KOONTZ ET AL.

[No. 9,819.   Filed February 23, 1917.   Rehearing denied June 22, 1917.   Transfer denied April 9, 1918.]

1. APPEAL.—*Decisions Reviewable.—"Final Judgment."*—A final judgment, within the meaning of §671 Burns 1914, §632 R. S. 1881, is one that at once disposes of all the issues, as to all the parties, involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of them,

and puts an end to the particular case as to all the parties and all the issues. p. 357.

2. APPEAL.—*Decisions Reviewable.*—*"Final Judgment."*—A judgment against the cross-complainants rendered on a motion to strike out their cross-complaint, though it disposes of all the issues as to all the defendants thereto, is not a final judgment, within the meaning of §671 Burns 1914, §632 R. S. 1881; the ruling on such motion and the judgment thereon are but steps in making up the issues, and any error committed in so doing may be presented and determined on an appeal after final judgment affecting all the issues and all the parties. pp. 358, 359.

3. APPEAL.—*Judgment for Costs.*—*"Final Judgment."*—A judgment, entered on a motion to strike out a cross-complaint, which did not dispose of all the issues as to all the parties, was not rendered appealable, under §671 Burns 1914, §632 R. S. 1881, by the inclusion of an award of costs as a part thereof, since the award of costs, being but an incident to the action, adds nothing to the merit of the appeal. p. 359.

From Wells Circuit Court; *Wilson D. Lett,* Special Judge.

Action by Susannah Koontz and others against Kate Faylor and others. From a judgment dismissing a cross-complaint, Kate Faylor and others appeal. *Dismissed.*

*Mock & Mock,* for appellants.

*Simmons & Dailey* and *Sturgis & Stine,* for appellees.

BATMAN, J.—In this cause appellees have filed their motion to dismiss the appeal on the ground that no final judgment has been rendered, as required by §671 Burns 1914, §632 R. S. 1881, and hence an appeal is unauthorized.

It appears that on November 2, 1914, part of the appellees filed a complaint in the Wells Circuit Court, making appellants, David D. Studabaker, Henry C. Arnold and others defendants. On April 17, 1916,

appellants filed their answer to such complaint and also their cross-complaint against the plaintiffs, a part of their codefendants and certain new parties. On October 4, 1916, the appellees who were plaintiffs below, and the appellees who were made new parties by said cross-complaint of appellants, filed motions to strike out such cross-complaint, which motions were sustained and exceptions were reserved by appellants to the ruling on each of such motions. The court thereupon rendered the following judgment: "It is therefore considered and adjudged by the court that the cross-complainants take nothing by their cross-complaint herein, and that the plaintiffs and their codefendants, Abram Simmons, Frank C. Dailey, Charles E. Sturgis, and Robert W. Stine, recover of said cross-complainants, Kate Faylor and Maggie Strickler, their costs herein expended upon the proceedings had in the matter of said cross-complaint." From this judgment appellants are prosecuting this appeal.

The sole question raised by appellees on their motion to dismiss is whether such judgment is a final judgment within the meaning of §671, *supra.*

1. It is now well settled by the repeated decisions of the courts of this state that a final judgment within the meaning of such section is one " 'that at once disposes of all the issues, as to all parties, involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues.' " *Wehmeier* v. *Mercantile Banking Co.* (1911), 49 Ind. App. 454, 97 N. E. 558; *Rife* v. *Diamond Flint Glass Co.*

(1908), 42 Ind. App. 346, 85 N. E. 726; *Daegling* v. *Strauss* (1915), 59 Ind. App. 672, 109 N. E. 920; *Foote* v. *Foote* (1913), 53 Ind. App. 673, 102 N. E. 393; *Northern, etc., Cable Co.* v. *Peoples Mut. Tel. Co.* (1915), 184 Ind. 267, 111 N. E. 4. If the judgment in question is such a judgment, then the motion must be overruled, otherwise it ought to be sustained.

There are many decisions in this state to the effect that where the issues tendered by a complaint or a cross-complaint are disposed of as to a part of the defendants thereto, but remain undisposed of as to other defendants, an appeal will not lie as to any of such defendants until the rendition of a final judgment as to all the parties and all the issues. *American Fidelity Co.* v. *East Ohio, etc., Co.* (1912), (Ind. App.) 101 N. E. 101; id. 53 Ind. App. 335, 101 N. E. 671; *Hopp* v. *Luken* (1909), 44 Ind. App. 568, 89 N. E. 916; *Daegling* v. *Strauss, supra; Rife* v. *Diamond Flint Glass Co., supra.*

However, we have not been able to find any decision in this state with reference to the right of appeal when the ruling of the court on a cross-com-
2.    plaint disposes of the issues tendered as to all the defendants thereto. The authorities in other jurisdictions are not uniform on this question, but the better reason and the greater weight leads to the conclusion that an appeal from such a judgment is not authorized. *Stockton, etc., Works* v. *Glen's Falls Ins. Co.* (1893), 98 Cal. 557, 33 Pac. 633; *Lawrence* v. *Paden* (1897), 76 Ill. App. 510; *French* v. *Bellows Falls Savings Institution* (1896), 67 Ill. App. 179; *Howard* v. *Boyd* (1896), 67 Ill. App. 572; *Emery* v. *Central Trust, etc., Co.* (1913), 204 Fed. 965, 123

C. C. A. 287; *Aston* v. *Dodson* (1909), 161 Ala. 518, 49 South. 856.

Appellants contend that their cross-complaint constituted a distinct and separate branch of the case, and that the judgment against them, following the motion to strike out their cross-complaint, was a final judgment within the meaning of §671, *supra,* and therefore one from which an appeal could be taken. The following authorities are against such contention. *Treadway* v. *Coe* (1851), 21 Conn. 282; *Ayres* v. *Carver* (1854), 17 How. 591, 15 L. Ed. 179; *Ex parte Railroad Co.* (1877), 95 U. S. 221, 24 L. Ed. 355.

2. The ruling on such motion to strike out and the judgment entered thereon are but steps in making up the issues in the cause, and any error committed in so doing can be presented and determined on an appeal taken after a final judgment as to all the issues and all the parties, and no harm can result by reason of any attendant delay. *Frankfort Construction Co.* v. *Sims* (1916), 185 Ind. 71, 113 N. E. 298.

3. The fact that such judgment included a recovery of costs from appellants can add nothing to the merit of the appeal, since it has been expressly held that costs are regarded as but an incident to a suit, and the fact that they are awarded cannot serve to render a judgment final, so as to bring in the revisory power of an appellate tribunal, in the absence of a determination of the principal controversy in its entirety. *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461.

It is apparent from the record that such judgment did not dispose of all the issues in the case as to all the parties, as required by the authorities first cited,

*supra,* as it left undetermined the issues made by appellants in filing their answer to the complaint, not to mention any other issue raised by the other defendants to such complaint. Nor did it in any manner dispose of such case, but left it open for final trial and judgment as to all original defendants, including appellants, on such remaining issues. We therefore conclude that such judgment was not a final judgment within the meaning of the statute authorizing appeals. To hold otherwise would permit appeals to be taken by all defendants, during the pendency of an action, who receive adverse rulings at the hands of the court on which judgments are rendered prior to final judgment and thus result in appealing a case by piecemeal. This the law will not permit, as it would defeat one of the principal objects of the statute in question. *Barnes* v. *Wagener* (1907), 169 Ind. 511, 82 N. E. 1037; *Hopp* v. *Luken, supra; Daegling* v. *Strauss, supra.*

In view of the fact that it is the policy of the law to prevent multiplicity of suits, and likewise multiplicity of appeals, as far as reasonably possible, with due regard for the rights of litigants, we are convinced that the conclusion we have reached is the correct one, since appellants' rights would not be jeopardized by abiding the final termination of the proceedings as to all the parties and all the issues, as any error committed in striking out their cross-complaint could be reviewed on an appeal taken after such final judgment.

Motion sustained, and appeal dismissed.

NOTE.—Reported in 115 N. E. 95. See under (1) 3 C. J. 441; (2) 3 C. J. 492.