### Unnewehr *v.* Elrod et al.

[No. 10,998. Filed December 2, 1921. Rehearing denied March 16, 1922. Transfer denied November 23, 1922.]

1. Appeal.— *Review.*— *Judisdictional Questions.*— The question of jurisdiction of the Appellate Court to consider the matters presented on appeal will be considered, although not raised by appellees. p. 83.

2. Appeal.—*Decisions Reviewable.*—"*Final Judgment.*"—*Statutes.*—Where, in an action against two defendants, judgment was rendered in favor of both, but was subsequently set aside, and judgment rendered against one defendant, but in favor of the other, and a motion for new trial was overruled as to the issues joined by the defendant in whose favor judgment was rendered and sustained as to the issues joined by the other defendant, and the cause was set for trial as to the undetermined issues, but the record fails to show that any trial thereof was had, the Appellate Court is without jurisdiction to determine the questions presented, and the appeal must be dismissed, since the record fails to show the rendition of a final judgment within §671 Burns 1914, §632 R. S. 1881, providing that appeals may be taken from final judgments; a final appealable judgment within the statute being one that disposes of all the issues, as to all the parties, to the full extent of the power of the court to dispose of the same. p. 83.

From Marion Circuit Court (28,890); *Harry O. Chamberlain,* Judge.

Action by William J. Unnewehr against Grace V. Elrod and another. From the judgment rendered, the plaintiff appeals. *Appeal dismissed.*

*Russell B. Harrison* and *Bachelder & Bachelder,* for appellant.

*Mark H. Miller,* for appellees.

BATMAN, P. J.—Action by appellant against appellees on two promissory notes. Each appellee filed a general denial and appellee Grace V. Elrod filed an affirmative paragraph of answer, alleging that she executed said notes as surety for her coappellee. A trial was had by the court, and judgment was rendered in favor of both appellees. This judgment was afterwards set aside, and judgment was rendered in favor of appellant against appellee Charles R. Elrod, and in favor of appellee Grace V. Elrod, against appellant. A motion for a new trial was filed by appellant, which was overruled as to the issues joined by appellee Grace V. Elrod, and sustained as to the issues joined by appellee Charles R. Elrod. The record discloses that the cause was set for trial as to said undetermined issues, but fails to show that any trial thereof was had, or that any judgment was rendered thereon, or that any disposition was otherwise made of said cause, as to said appellee Charles R. Elrod. Under these circumstances it will be presumed that the cause is still pending as to him. These facts present a jurisdictional question which we must consider first, although the question has not been raised by appellees in any form. *Essington* v. *Bowman* (1919), 69 Ind. App. 184, 121 N. E. 548. The statute provides that appeals may be taken from all *final judgments,* rendered by circuit and superior courts, with certain specified exceptions which we need not note here. §671 Burns 1914, §632 R. S. 1881. It has been held repeatedly, that a final judgment within the meaning of

this section of the statute is one "that at once disposes of all the issues, as to all the parties, involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all the parties and all of such issues." *Faylor* v. *Koontz* (1917), 67 Ind. App. 355, 115 N. E. 95, and cases cited. In the instant case it does not appear that there has been any disposal of the issues, formed by the complaint and answer in denial thereto, filed by appellee, Charles R. Elrod. It may be, for anything disclosed by the record, that a trial may have been had on such issues and a judgment rendered thereon, from which an appeal may now be pending, or, if we should assume jurisdiction in the present appeal, and affirm the judgment from which it is taken, a trial might hereafter be had on said undetermined issues, from which an appeal might be taken. In either event we would have an appeal in fragments or by piecemeal, a result the legislature evidently sought to avoid by the limitation contained in said §671 Burns 1914, *supra. The Western, etc., Co.* v. *Locke, Admr.* (1886), 107 Ind. 9, 7 N. E. 579; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461; *Northern, etc., Co.* v. *Peoples, etc., Co.* (1916), 184 Ind. 267, 111 N. E. 4; *Faylor* v. *Koontz, supra; Hopp* v. *Luken* (1909), 44 Ind. App. 568, 89 N. E. 916. In the case last cited the court expressly held that—"Where judgments are taken in an action between *different parties,* appeals cannot be taken therefrom *separately* or by piecemeal." (Our italics.) As the record fails to show that a final judgment has been rendered in this cause, within the meaning of said §671 Burns 1914, *supra,* it does not appear that this court has jurisdiction to determine the questions, which appellant has attempted to present. For the reason stated, the appeal is dismissed.