## HUTSON v. BROOKSHIRE.

[No. 11,357. Filed April 20, 1923. Rehearing denied June 27, 1923.]

1. APPEAL.—*Questions Reviewable.*—*Judgment against One Defendant.*—In an action in tort against two defendants, plaintiff could not appeal from a judgment in favor of one defendant on a verdict for such defendant which did not refer to his codefendant though an order book entry in the record recited that at the close of the evidence both defendants filed a motion asking the court to direct a verdict for each of them, and the court sustained such motion as to the first mentioned defendant, where none of the instructions given were made part of the record, and no complaint was made that the instructions were erroneous, nor any objection made to the form of the verdict; such record not presenting a case where the court by an erroneous instruction destroyed the right of a plaintiff to prosecute his cause of action to final judgment as to both defendants and thus convert the action from a joint action to a separate action against two defendants. pp. 275, 276, 278.

2. TRIAL.—*Verdict.*—*Waiver of Defects.*—*Failure to Object.*— In an action against two defendants, plaintiff, by failing to object to a verdict rendered for one of the defendants only,

waived all objections to the failure of the verdict to dispose of all the issues as to all the parties.  p. 275.

From Henry Circuit Court; *Fred C. Gause,* Judge.

Action by Clifford C. Hutson, by next friend, against Loring Brookshire and another.  From a judgment for the defendant named, plaintiff appeals.  *Appeal dismissed.*

*Frank E. Beach* and *George D. Forkner,* for appellant.

*William O. Barnard* and *George M. Barnard,* for appellee.

McMahan, J.—Complaint against appellee and one Harry Modlin wherein it is alleged that the defendants unlawfully employed and permitted appellant, a boy under the age of fourteen years, to operate and assist in operating a circular wood-saw used on appellee's farm for the purpose of sawing fire-wood.  The cause was submitted to a jury and resulted in a verdict and judgment in favor of appellee.  The record does not disclose any verdict or judgment in so far as the defendant Modlin is concerned.  Appellant appeals from the action of the court in overruling his motion for a new trial as to appellee and contends that the verdict is not sustained by sufficient evidence and is contrary to law.

Appellee has filed a motion to dismiss the appeal and calls attention to the fact that the cause is still pending as to the defendant Modlin and insists that there is no such final judgment as will authorize an appeal.

Appellant in support of his right to appeal while the cause is pending as to the defendant Modlin, says he had a right to a joint and several judgment against the defendants, and that the court at the close of the evidence instructed the jury to return a verdict for appellee, thus putting an end to the cause in so far as appellee is concerned.

In this connection it is to be observed that, while there is an order book entry in the record to the effect that at the close of the evidence both defendants

1. filed a motion asking the court to instruct the jury to return a verdict for each of them and that the court sustained such motion as to appellee, none of the instructions which the court gave to the jury are made a part of the record and no complaint is made that the court erred in the giving of any instruction to the jury. The record now under consideration does not present a case where the court by an erroneous instruction destroyed the right of a plaintiff to prosecute his cause of action to a final judgment as to all defendants and thus over the objection of plaintiff converted his action from a joint action to a separate action against the several defendants. In the absence of the instructions from the record and where there is no complaint on account of the giving of any instruction, we must consider this appeal on the theory that there was no binding instruction given to the jury, and that the cause was submitted to the jury under proper instructions, and where the jury under the evidence found in favor of one defendant and failed to find upon the issues as to the other defendant.

Upon the return of the verdict appellant made no objection to its form. He did not object to it on the ground that it failed to dispose of all the issues

2. as to all the parties. No motion was filed for a *venire de novo.* By failing to file such a motion he waived all objections as to form and because of the failure to find on the issues as to both defendants. Without objection he permitted a judgment to be rendered on the verdict in favor of appellee thus putting an end to the cause in so far as he is concerned.

Appellant makes no complaint of any act of the court

which preceded the verdict. His only complaint is that the jury erred in returning a verdict for appellee.

The right of appeal is statutory and with the exception of certain interlocutory orders, can be taken only from a final judgment.

"The general rule," says the court in *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461, "is

1. that a final judgment must leave the case disposed of as to all parties, and, as far as is within the power of the court, put an end to the controversy. * * * There are colorable, if not real, exceptions to the rule, but as it is founded on the policy of the law to prevent unnecessary appeals, he who asserts that his case is within an exception must show a solid reason for so treating it."

Other Indiana cases announcing the same general rule are *Hopp* v. *Luken* (1909), 44 Ind. App. 568, 89 N. E. 916, an action to quiet title; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 82 N. E. 1037, where a demurrer was sustained to a remonstrance filed against the granting of a license to retail intoxicating liquor; *Kellar* v. *Jordan* (1897), 147 Ind. 113, 46 N. E. 343, an action on a promissory note; *Crow* v. *Evans* (1912), 178 Ind. 661, 100 N. E. 8; where there was a judgment dismissing a remonstrance in a ditch proceeding; *Wayne Sewer, etc., Co.* v. *Ward Cowen Const. Co.* (1919), 72 Ind. App. 437, 125 N. E. 64, an action for breach of contract and a counter-claim to reform the contract and asking damages for its breach, where there was a decree reforming the contract but no final judgment on the issue presented by the complaint for damages; *State, ex rel.* v. *Jacobs* (1921), 76 Ind. App. 563, 132 N. E. 649, an action on a contractor's bond where there was a judgment on demurrer in favor of the surety; *Unnewehr* v. *Elrod* (1921), 79 Ind. App. 82, 133 N. E. 11, an action on a promissory note against two defend-

ants where there was a judgment in favor of one defendant, but none as to the other; *Faylor* v. *Koontz* (1917), 67 Ind. App. 355, 115 N. E. 95, where a motion to strike out a cross-complaint was sustained and a judgment that cross-complainants take nothing and no judgment on issues presented by complaint.

In Elliott, Appellate Proc. §84, the author, in speaking of this general rule says: "Its scope is comprehensive, and few exceptions break its force or narrow its operation."

In *Barnes* v. *Wagener, supra,* Wagener filed an application for license to retail intoxicating liquor. Appellant and others remonstrated. On appeal to the circuit court a demurrer to the remonstrance was sustained. The remonstrators abided their exceptions and judgment was rendered against them for costs. An appeal was taken from that judgment and the error assigned related to the action of the court in sustaining the demurrer to the remonstrance. The record failed to disclose a final judgment disposing of the issue raised by the application, either by granting or denying a license.

The court in dismissing the appeal said: "The general rule is that a judgment in a case is not final within the meaning of §644, *supra,* unless it disposes of all the issues as to all of the parties in the case. If there remain issues therein undetermined, or if the rights of one or more of the parties in the case are left undecided, there is, generally speaking, no such final judgment as will warrant an appeal. Or, in other words, the case must be disposed of in all of its parts so far as it is, under the issues therein, before the court. Otherwise it will not be regarded as one in which an appeal will lie to this court. Elliott, App. Proc. §§80-84, 90, 91. In Elliott, App. Proc. §84, it is said: 'The general rule that appeals lie only from final judgments is so essential to the orderly administration of justice, and has

so much to commend it, that it is with reason that statutory provisions creating exceptions are construed. with some strictness.   The doctrine is that where a general rule exists, and a party asserts that his case forms an exception to the rule, he must show substantial grounds for his claim, or the case will be brought under the rule.   This doctrine is applied with liberality to prevent appeals from intermediate rulings or interlocutory orders, for, in almost every form in which the question has been presented, the courts have exhibited their reluctance to multiply or recognize exceptions to the general rule.   One who asserts that his case constitutes an exception to the rule must be prepared to show a solid basis for his claim, or the general rule will be preferred to the exclusion of his claim.' "

The record now under consideration does not present a case where it conclusively appears that the court peremptorily over the objection of the plaintiff put an end to his joint action against the defendants, and we are not called upon to decide whether or not circumstances might arise which would authorize an appeal before the cause had been carried to a final determination as to all defendants.   All we are called upon to decide, and all we do decide, is that under the record now before us no appeal lies.

The appeal is therefore dismissed.

### ON PETITION FOR A REHEARING.

McMAHAN, C. J.—Appellant contending that the judgment from which this appeal is prosecuted is a final judgment from which an appeal lies insists 1. that we erred in dismissing the appeal.   In support of this contention appellant cites several cases from Georgia and *Smith* v. *Graves* (1915), 59 Ind. App. 55, 108 N. E. 168.

The appeals in the Georgia cases were sustained

under a statute which authorized an appeal when the judgment is final, "or final as to some material party thereto," §6138 Park's Ann. Code 1914, and are not in point. In *Smith* v. *Graves, supra,* the plaintiff recovered a judgment against two of three defendants. The plaintiff was satisfied with this judgment. He had a right to dismiss as to the third defendant. By not objecting to the form of the verdict and by not insisting on a verdict as to the third defendant, he thereby voluntarily elected to accept a verdict against the two, so that as to plaintiff the judgment rendered on the verdict became final, and he could not thereafter prosecute the action against the remaining defendant. As was said by the court in that case "appellee can have one satisfaction for the damages, if any, sustained by him." Under the circumstances in that case the judgment became ·a final judgment from which the defendants against whom it was taken could appeal. They could not complain that judgment was not also obtained against a coparty. The appeal in that case was by the defendants.

In the instant case the *plaintiff* is appealing from a judgment based on a verdict that failed to find on all the issues as to all the parties and where no objection was made in the trial court to the form of the verdict. Had appellant filed a motion for a *venire de novo* and reserved an exception to the overruling of that motion a different question would be presented. For cases holding the judgment is not final from which an appeal will lie see *Indianapolis Traction, etc., Co.* v. *Holtzclaw* (1907), 40 Ind. App. 311, 81 N. E. 1084; *Groot* v. *Oregon, etc., R. Co.* (1908), 34 Utah 152, 96·Pac. 1019; *Carmichael* v. *City of Texarkana* (1902), 116 Fed. 845, 54 C. C. A. 179, 58 L. R. A. 911; *Menge* v. *Warriner* (1903), 120 Fed. 816, 57 C. C. A. 432.

Petition for rehearing denied.