## CAMPBELL *v.* INDIANAPOLIS LIFE INSURANCE COMPANY ET AL.

[No. 15,433. Filed May 24, 1937.]

*Merle N. A. Walker* and *Cloe, Campbell, Cloe & Cloe,* for appellant.

*Matson, Ross, McCord & Clifford, James A. Ross* and *Harry T. Ice,* for appellee.

DUDINE, J.—This is an action instituted by appellee Indianapolis Life Insurance Company against appellees "Xen McNair, Trustee," Xen McNair, and appellant Lillie Campbell to recover on a series of promissory notes executed by appellant, payable to herself, and delivered by her to Xen McNair, and re-indorsed and delivered by him to appellee Indianapolis Life Insurance Company, and to foreclose a mortgage of certain real estate executed by appellant to appellee "Xen McNair, Trustee," to secure the payment of said notes, which mortgage was assigned by "Xen McNair, Trustee," to appellee Indianapolis Life Insurance Company.

The complaint named appellant, appellee Xen McNair, and appellee "Xen McNair, Trustee," as defendants.

Appellant filed three paragraphs of answer to the complaint including an answer in general denial, and filed a cross-complaint naming the above named appellees as cross-defendants.

Appellees Xen McNair and "Xen McNair, Trustee," filed an answer in general denial to each the complaint and to said cross-complaint.

Appellee Indianapolis Life Insurance Company filed an answer in general denial to the cross-complaint.

The cause was submitted to the court for trial without a jury, and the court, having been duly requested, made a special finding of facts and stated conclusions of law that the sum of $6,491.67 was due "plaintiff (Indianapolis Life Insurance Company) from the defendants Lillie Campbell *and Xen McNair* upon the notes sued on," and that said mortgage be foreclosed "as against *all* of the defendants." (Our italics.) The court rendered judgment that the plaintiff have and recover that amount *"of and from the defendant Lillie Campbell,"* and that said real estate be sold and the proceeds applied to the payment of the judgment. (Our italics.)

Appellant filed motion for new trial, which was overruled, and prosecuted this purported appeal as a term time appeal naming Indianapolis Life Insurance Company, Xen McNair and "Xen McNair, Trustee," in her assignment of errors, as appellees.

The transcript shows that the issue as to whether or not appellee Indianapolis Life Insurance Company should recover from appellee Xen McNair on the notes was presented but not disposed of. The record does not show a dismissal of the case as against him, or a judgment upon that issue as to him. It is a general rule that appeals can be taken only from final judgments. There are exceptions to that rule, but

this case does not come within the exceptions. A final judgment within the meaning of that rule is one "that at once disposes of all the issues, as to all the parties, involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all the parties and all of such issues." *Faylor* v. *Koontz* (1917), 67 Ind. App. 355, 115 N. E. 95, and cases cited. The judgment in this case is therefore not a final judgment from which an appeal can be taken. See Elliott's Appellate Procedure, Secs. 85, 90, 91; *Unnewehr* v. *Elrod* (1921), 79 Ind. App. 82, 137 N. E. 337; *Enmeier et al.* v. *Blaize et al.* (1932), 203 Ind. 303, 179 N. E. 783.

This appeal is therefore dismissed.

Curtis, J. not participating.