## INDIANA MANUFACTURERS RECIPROCAL ASSOCIATION ET AL. *v.* HOLMES.

[No. 11,457.   Filed December 5, 1922.]

1. INSURANCE.—*Policy Provisions.—Waiver.—Advance Payment of Premium.*—The provision in an insurance policy requiring the payment of the premium in advance, being a condition in favor of the insurer, may be waived by it.   p. 86.

2. INSURANCE.—*Failure to Pay Premiums.—Liability.—Impairment of Reserve Fund.*—The rule of the Industrial Board requiring mutual or reciprocal insurance associations to carry a reserve fund of fifty per cent. of their gross annual premiums does not operate to prevent such a company from waiving a policy provision requiring the payment of premiums in advance or from extending credit to insured, where there is no showing that the required funds were not on hand at the time the policy was issued, as it will not be presumed that the company did not have a reserve fund ample to satisfy the law.   p. 87.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Findings of Industrial Board.—Conclusiveness.*—Where an insurance policy purporting to protect the employer from liability for compensation under the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.,* Burns' Supp. 1921) has been issued and delivered by insurer's duly authorized agent, without the receipt of the premium in advance, as required by a provision in the policy, the question whether the policy took effect as an insurance contract is one of fact for the Industrial Board, and its finding, where supported by some evidence, will not be disturbed on appeal.   p. 88.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by O. A. Holmes against the Indiana Manufacturers Reciprocal Association and another. From an award for applicant, the defendants appeal. *Affirmed.*

*Joseph W. Hutchinson,* for appellants.
*White, Wright & McKay,* for appellee.

ENLOE, J.—The appellee, on January 18, 1922, was an employe of the Indianapolis Body Corporation, and

earning a weekly wage in excess of $24.  On that day he received an injury to his left hand, causing the loss, by amputation, of the second, third, and fourth fingers. He made application for an award of compensation against his employer and the appellant association, as being the insurance carrier.  To this application both appellants appeared, and the said association filed its special answer denying that at the time the appellee was injured it was the insurance carrier of said body corporation.

A hearing was first had before one member of the board, and resulted in an award being made in favor of appellee.  Afterward, upon application for review, the cause was heard by the full board, which found in favor of the appellee and awarded him compensation for 140 weeks, from which award this appeal is prosecuted.

There is no contention that appellee did not receive a compensable injury, but appellant reciprocal association insists that it was not the insurance carrier, and therefore not liable.  It admits that it issued its policy to its coappellant, but says that because of the failure of such coappellant to pay the premium, said policy by its express terms never took effect as an insurance contract.

The provision in said policy as to the payment of the premium therefor in advance, being a condition in favor of the association could be, by it, waived.  As was said in *Home Ins. Co.* v. *Gilman, Exr.* (1887), 112 Ind. 7, 13 N. E. 118:  "The authorities justify the statement, that where a duly authorized agent of an insurance company delivers a policy of insurance which acknowledges on its face that the premium has been paid, such acknowledgement concludes the company from thereafter denying that the premium was paid, for the mere purpose of assailing the legal exist-

ence of the policy. * * * It is well settled that payment of the premium in cash may be waived by an agent authorized to deliver policies and receive payment, notwithstanding a stipulation in the policy to the contrary."

In this connection we note, that the contract of insurance involved herein provided, "This contract shall begin at noon on the first day of January, 1922, and continue until the first day of January, 1923;" that the letter under date of Dec. 30, 1921, accompanying said insurance contract, and signed by the agent of said company, who had authority to deliver such contracts (insurance policies), contained the following statement: "We are pleased to enclose herewith policy contract No. 11292 in Indiana Manufacturers Reciprocal Association issued you effective January 1st, 1922, evidencing your protection under the Workmen's Compensation Act, against liability."

The appellant association also insists that under the law governing its organization and doing business, it had no power to waive the payment of the premium, or the making of the deposit mentioned in said policy, and certain sections of the statute are cited in support of this contention.

2.

It is true that the rules of the Industrial Board require that, "Each of such Mutual Insurance Associations or Reciprocal Insurance Associations shall maintain in the State of Indiana at all times during each fiscal year, as a reserve fund available for the payment of liabilities under its policies, a sum in cash or assets acceptable to the Industrial Board equal to fifty per cent. of the aggregate gross annual premiums collected from and credited to the accounts of the employers forming such association on policy contracts having one year or less to run," but the record is silent as to the amount of the "reserve fund" held by said association at the time said contract was issued and we cannot pre-

sume that it did not have a reserve fund ample for all the requirements of the law. If it had such "reserve fund," we find nothing in the law which would prevent it from extending credit, or waiving the making of the deposit and payment of the premium in advance.

Upon the record before us the question as to whether appellant association was the insurance carrier in the instant case was one of fact for the Industrial Board. Its finding in that regard is supported by the evidence, and we cannot disturb it.

Other questions have been suggested by counsel; but, as they are of no controlling influence, it is not necessary to discuss them.

The award is affirmed.